JUDGE HARDIN
delivered the opinion oe the court.
The appellant, having been indicted, tried, and convicted of the crime of larceny, and sentenced to confinement in the penitentiary for three years and nine months, has appealed to this court for a reversal of the judgment. His counsel insist that the court below erred to his prejudice: 1. In refusing to arrest the judgment; and 2. In its rulings on motions to instruct the jury.
The first objection involves the inquiry, whether the indictment states facts constituting a public offense within the jurisdiction of the court. (Criminal Code, section 271.) The indictment is indisputably good, unless it is true, as contended, that the ownership of the money and property alleged to have been stolen is not sufficiently averred, nor the failure to do so explained in the indictment.
*643 The allegation on this subject is, that the money and effeots were “the property of the Tennessee River Packet Company, D. W. Swan, Little Brothers, and others.” Conceding the principle that an indictment for larceny must allege the ownership of the property unless some excuse appears and is averred for the omission — as that the owner is to the grand jurors unknown (2 Bishop on Criminal Procedure, sec. 707)— it seems to us that the averment of ownership in this case is sufficiently explicit, testing it, as we must, by the rule that “no indictment is insufficient; nor can the trial, judgment, or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits. (Criminal Code, section 129; Commonwealth v. Mego wan, 1 Metcalfe, 386.)
On the question whether the court misruled the law on the motions to instruct the jury, it may be observed that, as the evidence is not embodied in the record, this court will presume it was such as to sustain the action of the court, so far as the correctness of that action could depend on the character or sufficiency of the evidence; and we could not reverse the judgment for any ruling in regard to instructions, unless it was manifestly erroneous in view of the issue being tried, let the evidence be what it might. Thus testing the correctness of the decisions of the court, we are clearly of the opinion that it committed no available error in refusing to give either of the instructions asked by the appellant. Some of the instructions given at the instance of the commonwealth are objectionable; but as they were asked and passed upon without objection, and the appellant only excepted to the instructions when given, as appears from the bill of exceptions, the objection is not now available as a ground of reversal. (Kennedy & Bro. v. Cunningham, 2 Metcalfe, 538.)
Wherefore the judgment is affirmed.