· CASE 64—INDICTMENT—December 8.

# Branson v. Commonwealth.

APPEAL FROM HARLAN CIRCUIT COURT.

1. REVERSIBLE ERRORS—FAILURE TO OBJECT.—In criminal as well as in civil cases neither party can rely for reversal upon an erroneous decision made at the instance of the adverse party, unless he objected to the motion or offer of the adverse party at the time it was made, and then excepted to the decision; but where the court acts *sua sponte* an exception alone is sufficient.

   There can be no reversal in this case for an error in admitting evidence offered by the Commonwealth, there being no objection to the evidence when offered. An exception to the ruling of the court in admitting it is not sufficient.

2. BREAKING STOREHOUSE AND STEALING THEREFROM — EVIDENCE.— Upon the separate trial of appellant jointly indicted with others for

Branson v. Commonwealth.

breaking into a storehouse and stealing goods therefrom, it was competent to show in whose possession the different articles of the stolen property were found, as all the property was stolen at the same time; and evidence relating to the conduct of one of appellant's co-defendants, which merely tended to show that the articles he had in his possession were stolen property, could not have prejudiced appellant, as that fact was shown by other undisputed testimony.

W. F. HALL FOR APPELLANT.

No brief in record.

WM. J. HENDRICK, ATTORNEY GENERAL, FOR APPELLEE.

In order to avail of error in the admission of incompetent evidence there must be an objection to the admission of the evidence and an exception to the action of the court in admitting it.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, William Branson, was jointly indicted with his father, Hezekiah Branson, and his brother-in-law, George Noe, for breaking into a storehouse and stealing goods therefrom. Upon a separate trial he was convicted, and his punishment fixed at two years in the penitentiary.

No brief is on file for him, but the grounds for a new trial show that he claims the verdict is contrary to the evidence; that incompetent testimony was admitted against him, and the jury not only not fully, but improperly, instructed.

An examination of the testimony shows that a reversal should not be had upon the first ground. Some of the stolen property was found in his possession. It is true there is some conflicting evidence as to its identity; but the jury were the judges of the weight to be given to it *pro et con*, and their finding as to the guilt of the accused, unless altogether unsupported by the evidence, can not be disturbed. If, however, errors of law were committed

materially prejudicial to the rights of the accused, then he is entitled to another trial.

Unquestionably the jury were fully and properly instructed as to the law of the case. They were told that before they could convict him they must believe from the evidence, to the exclusion of a reasonable doubt, he either alone or with his co-defendants, or one of them, feloniously broke into the storehouse with the intent to steal, and did take therefrom the property named in the indictment, or some of it, and carry it away with the intention of depriving the owner of it.

The accused was given the benefit of the reasonable doubt. The jury were told the law presumed his innocence, and it was their duty to reconcile all the circumstances proven with this presumption, if they could reasonably do so.

The single question was, whether the accused, either singly or with his co-defendants, or either of them, did the breaking and stealing; and this question was by proper instructions, containing all the safeguards to which he was entitled, submitted to the jury.

It is certain from the evidence that the storehouse was broken into and all the property stolen at one time. The jury have by their verdict in effect found that the accused subsequently had some of it in his possession. It appears from the testimony that his father also had a portion of it, and it is shown beyond question that this is also true as to his brother-in-law. The property was found in their possession not long after the commission of the offense. The evidence by which the two Bransons attempt to dispute the identity of that found in their possession is contradictory and not of a satisfactory character, while no

attempt was made to do so as to that in Noe's possession, or to show how he came by it, and it is clearly proven that it was a part of the stolen property.

The prosecution proved that at or near the same time the house of the accused was searched that of his father was also searched, and what was found there, this being done in the absence of the accused. He objected to this testimony, but when his objection was overruled he failed to except.

It also proved that very early that morning some men, who were watching Noe's house, saw him come out with a sack, which was afterward found to contain a lot of the stolen goods; go some distance into the woods, and hide it in a hollow tree, whereupon they arrested him.

The accused does not appear to have objected to this evidence, but did except to the ruling of the court in admitting it.

Where the step is proposed to be taken by the other party it should be objected to, in order to specially call the court's attention to it; and if its ruling be adverse to the objecting party, then he must except. This is the proper practice. It is the express rule of the present Civil Code, and a proper conduct of criminal cases requires, in our opinion, the same practice. The provisions of the Criminal Code admit, and it seems to us require, such a construction. The trial judge should be made aware when one side proposes to take a certain step in a case that it is objected to upon the other side. This is fair to him. The matter is likely then to receive more careful attention from him. The party ought not to wait, as if he were consenting, and then afterward merely except to what has been done. He should also except to the de-

cision when made, else it can fairly be inferred that, although he objected when the step was proposed by the adverse party, yet that he has acquiesced in the court's decision as correct. (Loving, &c., v. Warren County, 14 Bush, 316; Reed v. The Commonwealth, 7 Bush, 641.)

Where, however, the court *sua sponte* does something he need only except; but when it comes from the opposing party he should first object, and then after the court's decision except to its action.

In this instance the party merely objected to a portion of the evidence, and merely excepted to the ruling of the court in permitting another portion to go to the jury. If, however, this objection to the consideration of the question did not exist, yet as all the property was taken at the same time, it was competent to show in whose possession different articles of it were found; and we fail to see how the evidence relating to Noe's conduct, and what he was doing with the articles in his possession when he was arrested, could have been prejudicial to the accused. His conduct merely tended to show that the articles he had were stolen property, and this was shown by other undisputed testimony.

The accused, his father and other relatives testify that the son, the father and Noe were together all night at the son's house, waiting upon a sick child, the night the storehouse was broken into and the goods stolen. According to their own testimony the three were together that night. Noe could not be guilty, according to their own testimony, without their knowledge; and yet it is shown beyond all dispute that, soon after, he was found with a lot of the stolen goods in his possession; and not

only does he fail to testify, but his silence and his possession of them are facts altogether unexplained.

This state of case strongly supports the finding of the jury, which aside from it could not under the well-established rule in criminal cases be disturbed, as the other testimony tending to prove and disprove guilt is, looking at it in the light most favorable to the accused, at least conflicting; and in such a case the finding of the jury is conclusive.

Judgment affirmed.

---

CASE 65—EXCEPTIONS TO MASTER'S REPORT—DECEMBER 8.