CASE—50—INDICTMENT—APRIL 20.

## Sutton v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION

1. INDICTMENT—VARIANCE.—Where an indictment for uttering a forged warehouse receipt charged that the forged writing certified that the whisky for which it was issued was in a certain bonded warehouse, in the "fifth" district of Kentucky, the fact that it appeared upon the trial that the warehouse described in the receipt was in fact in the eighth district of Kentucky did not amount to a variance between the indictment and proof.

2. WHERE AN EXAMINING COURT HAS HELD THE DEFENDANT TO ANSWER THE CHARGE before the grand jury, the failure of the first grand jury to indict should be treated as a direct refusal to indict, and a subsequent grand jury can not indict unless the charge is submitted to them by direction of the court. But if an indictment is subsequently found without the charge having been again submitted to the grand jury by direction of the court, the defendant waives the right to have it dismissed upon that ground, if he pleads to it without making a motion to dismiss.

In this case, the indictment having been found without direction of the court after two terms had intervened since the examining trial, the indictment was properly dismissed as to one

of the defendants, who made his motion to dismiss before plead-
ing to the indictment, but a motion made by the other defendant
for the first time after there had been one trial, and a failure of
the jury to agree, came too late, and was properly overruled.

3. A DISMISSAL AS TO ONE OF THE DEFENDANTS did not *ipso facto*
operate as a dismissal as to the other.

4. FAILURE TO INDORSE NAMES OF WITNESSES ON INDICTMENT.—A
motion to set aside the indictment upon the ground the names
of the witnesses were not indorsed as required by sec. 120 of the
Criminal Code, should have prevailed if it had been made in
proper time, but, as it was not made until after defendant had
pleaded and gone into one trial, it came too late.

D. W. SANDERS FOR APPELLANT.

There is a variance in the proof of tenor of the uttered forged
instrument. The warehouse receipt set out in the indictment
was issued by Searcy in the fifth Kentucky district, and the evi-
dence of Mr. Searcy, the distiller, whose signature thereto is
alleged to have been forged, says that his distillery and bonded
warehouse are in the eighth district. This variance is fatal.
(Clark v. Commonwealth, 16 B. Mon., 213; Brown v. People, 66
Ill., 344; Roberts v. State, 2 Texas App.,4; 1 Bishop's Crim. Proc.,
sec. 562; United States v. Keene, 1 McLean, 441; State v. Noble,
15 Me., 476; Porter v. State, 15 Ind., 433; Archbold's Crim. Pr. &
Pl., vol. 1, 282.)

Cited in petition for rehearing: Commonwealth v. Harrison
MS. Op., May 15, 1895; Hensley v. Commonwealth, 1 Bush, 11;
McBride v. Commonwealth, 13 Bush, 337; Hart v. State of Ohio,
20 Ohio, 49; Queen v. Henry and Ward, 1 Cox's Crim. Cases, 101;
Queen v. Jones, 1 Cox's Crim. Cases, 105; Queen v. Dent, 2 Cox's
Crim. Cases, 354; Regina v. Roe, 11 Cox's Crim. Cases, 554;
Regina v. Whitehouse, 5 Cox's Crim. Cases, 145; Bishop's Crim.
Proc., vol. 1, secs. 486, 488, 562; vol. 2, secs. 415, 466, 3 ed.

CHARLES G. RICHIE ON SAME SIDE.

1. No severance being had, the quashal of the indictment as to one
of the parties quashed it as to both. (Wharton's Am. Crim.
Law, sec. 520; People v. Eckford, 7 Cow., 535; State v. Smith, 1
Murphy, 213; Starkie's Crim. Proc., sec. 17; 2 Hawkins, chap. 25.)

2. Even if this was not the effect, Sutton's motion to quash stood
upon the same ground as did Beecher's, and if it was proper to
quash as to one, it was proper to quash as to both.

3. The court should have sustained the motion to quash, upon the

ground that the names of the witnesses were not appended to
the indictment. (Crim. Code, sec. 120; Commonwealth v. Minor,
11 Ky. Law Rep., 777; Andrews v. People, 117 Ill., 195; s. c., 7 Am.
Cr. Rep., 249; McKinney v. People, 2 Gilman, 525; Ex parte
Schmitt, 71 Cal., 212; State v. Rogy, 83 Mo., 268; State v. Griffin,
87 Miss., 608; 89 Miss., 49; People v. Hall, 28 Mich., 482; Hickory
v. United States, 151 U. S., 307; Logan v. United States, 144 U. S.,
304; United States v. Stewart, 2 Doll, 348; United States v.
Curtis, 4 Mason, 232; United States v. Dow, Taney, 34; Regina v.
Frost, 9 Car. & P., 129; Lord v. State, 18 N. H., 173; .People v.
Hall, 48 Mich., 482; Keener v. State, 18 Ga., 194.)

4. The motion to quash, being made before the final submission to
the jury, was not too late. (Commonwealth v. Gow, 3 Dana, 475;
Commonwealth v. Hutchinson, 1 Bibb, 365; Allen v. Common-
wealth, 2 Bibb.)

5. The indictment charged that the Searcy warehouse was in the
fifth district, and the proof showed it to be in the eighth. This
was a fatal variance.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

1. The authorities cited for appellant on the point of variance in
allegation and proof apply in cases of indictment for forgery
and not for uttering a forged instrument. (Lockard v. Common-
wealth, 87 Ky., 201.)

2. On motion to set aside indictment for failure to place names of
witnesses on back of indictment, see Commonwealth v. Smith,
10 Bush, 476; Haggard v. Commonwealth, 79 Ky., 366; Com-
monwealth v. Pritchett, 11 Bush, 277.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

September 23, 1893, A. R. Sutton and W. M. Beecher were
jointly indicted for the crime of feloniously uttering and
publishing as true a warehouse receipt known by them to
be forged.

The writing, as described in the indictment, purports to
to have been signed by J. S. Searcy, certifying that A. R.
Sutton & Co. had in the bonded warehouse of his distil-
lery, No. 120, *Fifth* District of Kentucky, five barrels of
whisky held for their account and subject to their order.

Which warehouse receipt, as charged, was presented to and received by German Security Bank as collateral security for money advanced and loaned to A. R. Sutton.

September 26th, defendant Beecher moved to set aside the indictment as to himself upon the ground that, although he was held by an examining court to answer to the charge before the grand jury, April 18, 1893, there had been two terms of court at which grand juries were summoned and impaneled before an indictment was found against him, and there was no order of court submitting the charge to the grand jury that did find the pending indictment. And at the January term, 1894, of the court that motion was sustained and Beecher discharged from custody.

But defendant Sutton instead of then making the same motion in his own behalf, filed a general demurrer, which was overruled, and thereupon pleaded to the charge and was put upon trial at April term, 1894. The jury, however, failed to agree, and he was again tried at the May term, when a verdict of guilty was found fixing his punishment at confinement in the penitentiary for two years.

One of the grounds for a new trial, and now urged as reason for reversal of the judgment, to be followed by dismissal of the prosecution, is that there is a variance between the indictment and proof in this: That instead of the bonded warehouse of J. S. Searcy's distillery No. 120 being in the *Fifth* District as recited in the warehouse receipt copied in the indictment, it is, according to the evidence on the trial, in the *Eighth* district.

It seems to us that discrepancy is not equivalent to a variance, in proper meaning of that term, between allegation and proof. For it is not stated in the indictment the warehouse is in the Fifth District, but that the warehouse receipt charged to be a forgery purported to certify or re-

cite there was received and held for account of A. R. Sutton
& Co., the whisky mentioned in the bonded warehouse of
Searcy's distillery, No. 120, in that district.    And there
was no proof the receipt forged and uttered was other than
the one charged in the indictment to have been so forged
and uttered.

So, even if the discrepancy was material, which we do not
believe it was under the Criminal Code, the only question
there could arise would be whether obligatory character of
the warehouse receipt was thereby lessened or affected; and
that it would not be is plain.

. The next error complained of is refusal of the court to
sustain appellant's motion, not made until the case was
called for second trial at the May term, 1894, to set aside
the indictment for the same reasons it had been done as to
Beecher upon his motion made in September, 1893.

Sec. 115 of the Criminal Code provides: "All the papers
and other matters of evidence relating to the arrest of, and
examination of the charge against, persons committed, or
on bail, returned to court by magistrates, shall be laid before
the grand jury, and if, upon investigation, they refuse to
find an indictment they shall write upon some one of the
papers 'dismissed,' with the signature of the foreman, and
thereupon the court shall discharge the defendant from cus-
tody, if in jail, or exonerate the bail, if bail has been given,
and order the return of any money which may have been
deposited in lieu of bail to the person depositing it, unless
the court be of opinion that the charge should be submitted
to another grand jury, in which case the defendant may be
continued in custody, or on bail, until the next term of
court."

. Sec. 116 provides: "The dismissal of the charge does not
prevent it being again submitted to a grand jury, as often

as the court may direct, but without such direction it can not again be submitted."

It does not appear the grand jury at April term, 1893, first after trial of Sutton and Beecher by the examining court, formally refused after investigation to find an indictment against them, or that the foreman, as required in such case, wrote upon any one of the papers "Dismissed." But in our opinion a failure to do so should be treated as equivalent to direct refusal to indict. And as two terms of court had intervened before the indictment under which appellant was convicted had been found, and it was then done without direction of the court, the motion made by Beecher was required by sec. 158 sustained, being as follows: "The motion to set aside the indictment can only be made on the following grounds: 1. Substantial error in the summoning or formation of the grand jury. 2. That some person, other than the grand jurors, was present before the grand jury when they acted upon the indictment. 3. That the indictment *was not found and presented as required by the Code.*"

But sec. 157 expressly requires that "upon the arraignment, or upon the call of the indictment for trial, if there be no arraignment, the defendant must either *move to set aside the indictment* or plead thereto." And in the case of Commonwealth v. Smith, 10 Bush, 476, also, Commonwealth v. Pritchett, 11 Bush, 277, it was held impaneling as a grand juror one not a housekeeper, was "a substantial error in the formation of the grand jury" in meaning of the Code; but unless a defendant makes the motion to set aside at the proper time the right to make it is to be regarded waived. And applying the same rule to this case appellant Sutton must be held to have waived his right to set aside the indictment against him; for upon call of the indictment at Sep-

tember term, 1893, instead of moving to set it aside on that ground he pleaded to it. It is, however, argued that as they were jointly indicted dismissal as to Beecher operated to dismiss the indictment, *ipso facto*, as to Sutton. But it seems to us that action of the court was equivalent to a severance of the trial which both defendants acquiesced in.

It is also contended the indictment ought to have been set aside, because sec. 120 was disregarded, being as follows: "When an indictment is found the names of all the witnesses must be written at the foot of or on the indictment." But while a motion to set aside upon that ground, if made in time, should prevail, it certainly ought not to be sustained after a defendant has pleaded, and gone into one trial without objection on that account, as did appellant.

We can not consider whether it was error to refuse a change of venue in absence of part of evidence heard on the motion.

We perceive no error of law to prejudice of appellant's rights, and judgment in this case is therefore affirmed.