CASE 29—MOTION—NOVEMBER 21.

# Commonwealth v. Simons.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

1. CRIMINAL LAW—DISMISSAL OF INDICTMENT—APPEALS.—An order by the circuit court setting aside an indictment on the ground that others, not grand jurors, were present before the grand jury when they acted upon the indictment, under the provisions of section 281 of the Criminal Code, is not subject to exception, and can not, therefore, be revised by this court on appeal.

STONE & SUDDUTH AND O'NEAL & PRYOR FOR APPELLANT.

1. The provision of section 281 of the Criminal Code that a decision upon a motion to set aside an indictment shall not be subject to exceptions, relates to an exception by the defendant; this court has repeatedly entertained jurisdiction of such appeals by the Commonwealth and upheld the same. (Com. v. Skeggs, 3 Bush, 19; Com. v. English, 6 Bush, 431; Com. v. Rudd, 3 Ky. L. R., 328; Com. v. Smith, 10 Bush, 476; Com. v. Pritchett, 11 Bush, 277; Com. v. Wright, 79 Ky., 22; Com. v. Minor, 89 Ky., 555; Com. v. L. & N. R. Co., 17 Ky. L. R., 562.)

J. H. EATON OF COUNSEL ON SAME SIDE.

ZACH PHELPS AND KOHN, BAIRD & SPINDLE FOR APPELLEE.

1. The appeal should be dismissed because it is provided by section 281 of the Criminal Code that the decisions of the court upon challenges to the panel, and for cause, upon motions to set aside an indictment, and upon motions for a new trial shall not be subject to the exception."

2. The decision of the lower court not being subject to exception the filing of the bill of exceptions herein was a mere nullity. (Kennedy v. Com., 14 Bush, 340; Farris v. Com., 14 Bush, 368; Redmon v. Com., 82 Ky., 333; P. & E. Ry. Co. v. Com., 80 Ky., 147.)

3. Where employed attorneys for the prosecution, go into the grand jury room and are sworn as witnesses, and testify to no facts, but only to what they believed to be the law of the case, and sent into the grand jury room slips of paper containing extracts of

law which they deemed applicable to the case under considera-
tion, an indictment returned by the grand jury should be set
aside.    (Thompson & Merriman on Juries; Bishop's Crim. Pro-
cedure, sec. 633; United States v. Farrington, 2 Crim. Law Maga-
zine, 525; Welch v. State, 8 Southern Rep., 673; Wilson v. State,
13 Sou. Rep., 225; Duerr v. State, 53 Miss., 427; Rothchild v. State,
7 Tex. App., 537; State v. Addison, 2. S. C., 356.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

In this case there was a motion to set aside the in-
dictment, the main ground being that others not grand
jurors were present before the grand jury when they
acted upon the indictment.    The motion was sustained
by the court below, and the Commonwealth has ap-
pealed, the motion here is to dismiss the appeal, as this
court is without jurisdiction.

There are three grounds for setting aside an indict-
ment mentioned in section 158 of the Code, and one of
them is that contained in the motion made in this case.
Section 281 of the Criminal Code provides: "The decis-
ion of the court upon challenges to the panel, and for
cause, upon motions to set aside an indictment, and
upon motions for a new trial, shall not be subject to
exception."

This provision applies as well to the Commonwealth
as to the party charged with an offense.    In such a
state of case the sufficiency of the indictment is not in-
volved, and the sole question is to be determined by the
trial judge upon such proof as may be heard, and his
disposition of the motion is not the subject of revision
by this court.    It is not the subject of an exception by
either side, the law placing the entire matter within
the discretion of the trial judge, and therefore this

court has not looked into the merits of the motion, and
no doubt the trial judge is better able, with the testi-
mony before him, than this court would be, to determ-
ine whether or not an indictment had been improperly
procured.   We must administer the law as we find it,
and that an appeal will not lie is manifest.

Appeal dismissed.