CASE 49.—PROSECUTION AGAINST MOBILE & OHIO R. R.
    CO. FOR FAILING TO GIVE STATUTORY SIGNALS
    AT A PUBLIC CROSSING.—March 22.

## Mobile & Ohio R. R. Co. v. Commonwealth

Appeal from Fulton Circuit Court.

R. J. Bugg, Circuit Judge.

Defendant convicted, and appeals.    Affirmed.

1. Railroads—Indictment—Signals at Crossing—Failure to Ob-
serve—Jury—Verdict—Under Kentucky Statutes, 786, provid-
ing for a fine of from $100 to $500 against a railroad company
for failing to ring its bell or blow its whistle alternately or
continuously for 50 rods in approaching a public crossing
outside of cities or towns, where in trying an indictment
against a railroad company for a violation of this statute
there was strong positive evidence both for and against the
defendant, the jury could not have been actuated by passion
or prejudice in finding a verdict against the defendant for
the lowest fine.

2. Oral Instructions—Failure to Object—Waiver—Although Crimi-
nal Code, section 225, provides that in criminal and penal
cases instructions that are given by the trial court must be
in writing, where in a trial of a misdemeanor the court orally
instructed the jury without objection by the defendant, the
defendant is estopped from objecting in this court that the
instructions were not in writing.

E. T. BULLOCK and LANSDEN & LEEK for appellant.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Mobile & Ohio Railroad Company,
was indicted and tried in the lower court for failing
to sound the whistle or ring the bell of the locomotive
engine of one of its passenger trains in approaching
and passing the place where a public highway, known

as the "State road," crosses its railroad at or near Cayce, Fulton county; the crossing being outside of an incorporated city or town. The trial resulted in appellant's conviction, and the fixing of its punishment by verdict of the jury and judgment of the court, at a fine of $100. Appellant filed motion and grounds for a new trial, which the court overruled, and it has appealed.

The indictment was found under section 786, Ky. Stat., 1903, which provides: "Every company shall provide each locomotive engine passing upon its road with a bell of ordinary size, and steam whistle, and such bell shall be rung or whistle sounded outside of incorporated cities and towns at a distance of at least fifty rods from the place where the road crosses, upon the same level, any highway or crossing, at which a sign board is required to be maintained, and such bell shall be rung or whistle sounded continually or alternately until the engine has reached such highway crossing, and shall give such signals in cities and towns as the legislative authorities thereof may require." Section 793 provides the penalty for a violation of the provisions of section 786, which is a fine of not less than $100, nor more than $500.

It is insisted for appellant that the judgment appealed from should be reversed upon two grounds: (1) Because there was no evidence to support the verdict; (2) because the court instructed the jury orally, instead of in writing, as provided by section 225, Criminal Code Practice.

As to the first contention, it is sufficient to say that the seven witnesses introduced by the Commonwealth testified in substance that there was a long blast from the engine whistle as the train came in sight, followed

by two shorter blasts at the signal post, the last being the signal for stopping at the Cayce station; but there were no signals from the train, either by the blowing of the whistle or ringing the bell, for the public crossing, which is 200 yards south of the Cayce depot, though the statute, supra, made it the duty of those in charge of the train to ring the bell or sound the whistle at a distance of at least 50 rods from the crossing and to continuously or alternately ring the one or sound the other until the engine reached the crossing. It is true that much of this testimony was of a negative character; that is, to the effect that some of the witnesses did not hear any ringing of the bell or blowing of the whistle as the train approached the crossing, but others of them were more positive in their statements as to the absence of these signals. It cannot be denied that each of the seven Commonwealth's witnesses was favorably situated to see the train, watch its movements, and hear its signals from the time it first whistled for the station until it reached the crossing. One of them was looking for and watching the train with the view of becoming a passenger on it from Cayce, and two others had the horse they were driving killed and their vehicle broken in a collision with the train which ran into them at the crossing.

Appellant also introduced seven witnesses upon the trial, including the conductor, engineer and fireman in charge of the train, and many of these, especially the trainmen, testified not only as to the signals given for the Cayce station, but, in addition, that the train whistled for the public crossing, and that the engine bell was rung, not only 50 rods, but at a greater distance, from and before reaching the crossing, and

that it continuously rang until the crossing was passed. It is likewise true that appellant's witnesses were also advantageously placed for seeing and hearing the train. It is quite apparent that the evidence was very conflicting. Indeed, we have rarely found evidence more so; but, while this is true, it cannot fairly be claimed that there was no evidence to support the verdict, The jury could not have been actuated by either passion or prejudice in reaching a verdict, for the fine assessed against appellant is the lowest that can be inflicted under the statute. Manifestly the verdict cannot be disturbed upon the ground of a failure of proof.

The second contention of appellant does not meet with out concurrence. It is true that section 225, Cr. Code Prac., provides that in criminal and penal cases instructions that are given by the trial court must be in writing, but in a prosecution for misdemeanor many rights may be waived by a defendant which he would not be allowed to waive in a prosecution for a felony. For instance, upon trial for a misdemeanor, the defendant may consent to be tried by the court without the intervention of a jury, or he may consent to be tried by a jury composed of less than 12 men, or with, or without, his consent, be tried and convicted in his absence. A waiver may also arise from a failure to object. In this way errors of law that are committed by a trial court may often be waived or cured. The record in the case at bar shows that the trial judge, after the evidence was concluded, orally instructed the jury as to the law of the case, but it does not show that he was requested by counsel for appellant to instruct in writing, or that counsel objected to the oral instructions. However, we do

not mean to say that a request from counsel for written instructions was necessary, but do hold that the failure of appellant's counsel to object to the oral instructions, and to have the record show that the action of the court in giving oral, instead of written, instructions was excepted to by appellant, estops it from objecting in this court that the instructions were not in writing.   Herr v. Com., 28 Ky. Law Rep., 1131; 91 S. W., 666.

The fact that the error of the lower court in failing to instruct the jury in writing was made a ground for a new trial will not authorize a review of the question by this court in the absence of an exception taken at the time the error was committed and then entered of record.   Nor would the lower court have been authorized to grant appellant a new trial because of the error in question, as complaint of it was made for the first time in the motion for a new trial.   Cr. Code Prac., section 281; Kennedy v. Com., 14 Bush., 340; Com. v. Simons, 100 Ky., 164; 37 S. W., 949; 18 Ky. Law Rep., 648.

Being unable to find in the record any error that was prejudicial to the substantial rights of appellant, the judgment is affirmed.