## Commonwealth v. Louisville & Nashville Railroad Company.

(Decided April 27, 1917.)

## Appeal from Trimble Circuit Court.

1. Criminal Law—Appeal and Error.—In criminal cases as in civil cases neither party can rely for reversal upon an erroneous decision made at the instance of the adverse party, unless he objected to the step taken or motion of the adverse party at the time it was made and then excepted to the decision; but where the court acts sua sponte an exception alone is sufficient.

2. Criminal Law—Appeal and Error.—There can be no reversal for an error committed by the circuit court in overruling a demurrer of the Commonwealth to a plea to the jurisdiction of the court filed by the defendant in an indictment, in the absence of an exception to such ruling of the court shown by the record to have been taken by the Commonwealth at the time it was made.

M. M. LOGAN, Attorney General; CHARLES H. MORRIS, Assistant Attorney General, and CHARLES H. SANFORD for appellant.

BENJAMIN D. WARFIELD and MOODY & BARBOUR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

By an indictment found and returned by the grand jury of Trimble county at the April term, 1916, of the circuit court of that county, the appellee, Louisville & Nashville Railroad Company, was charged, in substance, with the offense of creating and maintaining a common

nuisance by unlawfully and wilfully emptying and causing to be emptied large quantities of liquid ammonia and other deleterious and deadly liquids and substances into the waters of a running stream known as the Little Kentucky River, near the town of Sulphur in Henry county, from which point the stream runs into and through the county of Trimble, whereby the waters of the stream were polluted, both in Henry and Trimble counties and as far down in the latter county as the Ewing Ford Bridge, rendering them unfit for the use of man or beast and causing the death of great quantities of fish in the stream in Trimble county, down to and at the Ewing Ford Bridge, which were washed out on the banks and shores of the stream and made to emit stenches and disagreeable, dangerous odors, to the annoyance, disturbance and common nuisance of all persons residing and being in the neighborhood and passing by, against the peace and dignity of the Commonwealth of Kentucky.

The appellee, in response to the process issued against it upon the indictment, filed a written plea to the jurisdiction of the Trimble circuit court, in which it was alleged that there was then pending in the Henry circuit court a penal action, instituted against it by petition in the name of the Commonwealth of Kentucky, before the finding of the indictment, charging it with the same offense contained therein, and seeking to recover of it the penalty prescribed by law therefor. A copy of the record in that action was filed as an exhibit and the action pleaded in bar of appellee's prosecution under the indictment. It was also alleged in the plea in abatement that the offense charged in the indictment, if an offense at all, was committed in Henry county and not in Trimble county, and that the circuit court of Trimble county was without jurisdiction of the offense or person of the defendant.

The Commonwealth filed a general demurrer to the appellee's plea to the jurisdiction and the court being of the opinion that it was without jurisdiction, held the plea good and overruled the demurrer. The Commonwealth elected to stand upon its demurrer and refused to plead further; whereupon the court entered judgment dismissing the indictment, and from that judgment the Commonwealth has appealed.

It is insisted for appellee that the rulings of the circuit court, of which appellant complains, cannot be reviewed because there was no exception taken or reserved by the Commonwealth to the judgment of the court overruling the demurrer to the plea to jurisdiction, and dismissing the indictment. Our examination of the record convinces us of the correctness of this contention. In other words, there was no exception by the Commonwealth to the judgment of the court, either in the matter of overruling the demurrer to the plea of jurisdiction or that of dismissing the indictment, but only a general objection to both rulings. Section 280, Criminal Code, provides:

"Upon the trial of criminal or penal prosecutions, either party may except to any decision of the court by which the substantial rights of such party are prejudiced, subject to the restrictions of the next section." The restrictions in the next section, 281, need not be considered as they have no application here. But section 282 provides:

"The exception shall be shown upon the record, by a bill of exceptions, prepared, settled and signed, as provided in the Code of Practice in civil cases." In Branson v. Commonwealth, 92 Ky. 330, in construing section 280, *supra,* it was held, that in criminal as well as in civil cases neither party can rely for reversal upon an erroneous decision made at the instance of the adverse party, unless he objected to the motion or offer of the adverse party at the time it was made, and then excepted to the decision; but where the court acts *sua sponte* an exception alone is sufficient. The reasons for our so holding are stated in the following excerpt from the opinion:

"Where the step is proposed to be taken by the other party it should be objected to, in order to specially call the court's attention to it; and if its rulings be adverse to the objecting party then he must except. This is the proper practice. It is an express rule of the present civil code, and a proper conduct of criminal cases requires, in our opinion, the same practice. The provisions of the Criminal Code admit, and it seems to us require, such a construction. The trial judge should be made aware when one side proposes to take a certain step in the case that is objected to upon the other side.

This is fair to him. The matter is likely then to receive more careful attention from him. The party ought not to wait, as if he were consenting and then afterwards merely except to what has been done. He should also except to the decision when made, else it can fairly be inferred that, although he objected when the step was proposed by the adverse party, yet that he has acquiesced in the court's decision as correct. (Loving, &c. v. Warren County, 14 Bush 316; Reed v. Commonwealth, 7 Bush 641). Where, however, the court *sua sponte* does something he need only except; but when it comes from the opposing party he should first object, and then after the court's decision except to its action.''

The rule of practice announced in the case, *supra,* was reaffirmed in Buckles v. Commonwealth, 113 Ky. 795, and again in the later case of Thompson v. Commonwealth, 122 Ky. 501, but in each of these cases it was also held that it does not apply to exceptions to the instructions given in a criminal case; it being well settled that, in a criminal case, as it is the duty of the court to correctly give to the jury the whole law applicable to the case, although it may not be asked, an exception to any instruction given would be a useless formality.

It being manifest from the foregoing authorities that this court, in the absence of an exception taken thereto by the appellant, is without authority to review the rulings of the circuit court assigned as error, it follows that the judgment must be and is hereby affirmed.