## Harris v. Commonwealth.

(Decided September 26, 1922.)

### Appeal from Whitley Circuit Court.

1. Criminal Law—Trial of Indictment For Misdemeanor—Instructions.—In the trial of an indictment for a misdemeanor, if all the instructions taken together state fully the law of the case, the

judgment will not be reversed on account of one of the instruc-
tions containing a defect, which does not mislead as to the
law of the case.

2.  Criminal Law—Motion to Set Aside Indictment—Review.—A de-
    cision of the trial court upon a motion to set aside an indictment,
    as provided by section 158, Criminal Code, is not subject to ex-
    ception, nor review upon appeal.

T. B. CULTON and J. B. SNYDER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Af-
firming.

The appellant, G. W. Harris, was indicted, tried and
convicted for the offense of an assault and battery. The
facts as they appeared from the evidence were that John
Davis, a neighbor, was engaged in playing ball with the
small children of appellant, when the latter called to his
children to come into their home, and shortly thereafter
meeting with Davis in the postoffice, he said to him in
substance that he wanted him to cease playing with his
children, that he, Davis, was of no account and lay around
and would not work. Davis replied, calling the appellant
a liar, and saying that he worked as much as any one.
Appellant then challenged Davis to go on the outside
of the postoffice and repeat what he had said, and then
went out of the postoffice. Davis accepted the invitation
and coming out of the office repeated his prior language.
Appellant then struck Davis a blow with his fist, knock-
ing him to the ground, and when Davis became conscious
he discovered that three of his teeth had been knocked
out. Appellant was seen to kick Davis once while he
was down. Appellant was arrested, and upon an examin-
ing trial was ordered to appear before the following May
term of the circuit court to answer any indictment that
might be found against him growing out of the circum-
stance, and was required to execute a bond in the sum of
$500.00, conditioned that he would perform the order of
the examining court. No indictment was returned
against him at the May term of the court nor at the fol-
lowing September term, but at the January term there-
after the indictment upon which he was tried and con-
victed was returned by the grand jury. It does not ap-
pear whether the record of the examining trial was laid
before the grand jury at either the May or September

terms, nor does it appear that the grand jury considered the case at either of these terms, nor did it at either of these terms write "dismissed" upon any of the papers of the case, nor was any order made at either of these terms continuing the appellant in custody for submitting the charge to another grand jury, nor was there ever any direction of the court submitting the charge to another grand jury. Before pleading to the indictment, the appellant moved the court to set it aside upon the ground that it had not been found and returned as required by the Criminal Code, in that the charge was not again, under direction of the court, submitted to the grand jury after the May term of the court, nor was any order made continuing the custody of appellant at either the May or the September terms, for the submission of the charge to another grand jury. This motion does not appear, from any record in the case, to have ever been acted upon by the court, except that the appellant in his motion for a new trial assigns as an error of the court the overruling of his motion to set aside the indictment. The appellant pleaded not guilty to the indictment, and after the trial and conviction filed grounds and moved the court to grant him a new trial, which motion being overruled he seeks a reversal of the judgment upon three grounds: (1) The court admitted incompetent evidence against him upon the trial over his objection; (2) the court erroneously instructed the jury as to the law of the case; (3) the court erred to his prejudice in overruling the motion to set aside the indictment.

(a) The evidence which is complained of as being incompetent and irrelevant, and which was admitted against him over his objection, was testimony given by a witness who deposed that he was in the postoffice just after appellant and Davis went out; that he heard blows struck and hurried out of the office, when he saw Davis upon the ground, and saw the appellant kick him. The statement relating to the appellant kicking Davis is the evidence particularly complained of. This evidence was clearly competent, as the indictment charged the battery to have been perpetrated by the appellant striking Davis with his hands and kicking him with his feet.

(b) The prejudicial error complained of, as having been made by the court in instructing the jury, is that in instruction number one language was used which instructed the jury that the right of appellant to defend himself was to be determined by the opinion of the jury

as to whether or not there was any necessity of aggressive action upon the part of appellant, when the question to be determined was whether in the exercise of a reasonable judgment by the appellant, under the circumstances then existing, there appeared to appellant a necessity for assaulting and striking Davis. This objection doubtless would have been well taken if the court had not given to the jury an instruction properly defining the right of appellant to defend himself, and which was not inconsistent with instruction number one. The instructions substantially stated the law of the case and protected every right of appellant if there had been evidence of any danger or apparent danger to appellant from Davis, but in fact the appellant was not entitled to an instruction upon the law of self-defense, as there was no evidence upon which such an instruction could be based. There was no evidence tending to prove that Davis attempted to assault or strike the appellant, or harm him in any way, and hence the instruction upon the law of self-defense gave to appellant a chance to which he was not entitled.

(c) As to the alleged error of the court in overruling the motion to set aside the indictment, suffice it to say, that by the provisions of section 281, Criminal Code, a decision by a trial court upon a motion to set aside an indictment is not subject to exception, and for that reason cannot be reviewed upon appeal. Section 281, Criminal Code; Slaughter v. Commonwealth, 152 Ky. 128; Hendrickson v. Commonwealth, 146 Ky. 743; Jenkins v. Commonwealth, 167 Ky. 544. Hence it is unnecessary to determine whether the trial court should or should not have sustained the motion and quashed the indictment, as this court is without jurisdiction to review or reverse a judgment on account of such a ruling. The decisions of this court which have dealt with complaints of the rulings of trial courts upon motions to set aside indictments have chiefly involved motions where the witnesses before the grand jury were not endorsed on the indictment, as required by scetion 120 of the Criminal Code, and where irregularities existed in the formation of the grand jury, but the provisions of section 281 apply to motions to set aside indictments upon the ground here asserted, as well as any other reason for setting aside an indictment, as the Code by section 158 designates three general grounds for setting aside indictments, one of which is errors in summoning or formation

of the grand jury, another ground is the presence of other persons than the grand jurors, when the indictment was found, and the third general ground is the failure to find and return the indictment as provided by the Code, and section 281, *supra,* sems to embrace in its terms all of these grounds. In Sutton v. Commonwealth, 97 Ky. 308, in discussing section 116 of the Criminal Code, the court held that "Where an examining court has held the defendant to answer the charge before the grand jury, the failure of the first grand jury to indict should be treated as a direct refusal to indict, and a subsequent grand jury cannot indict unless the charge is submitted to them by direction of the court." In that case, the action of the trial court in setting aside an indictment where a defendant had been held to answer the charge before the grand jury, and the grand jury had failed to indict, and thereafter another grand jury, without having the charge submitted to them by direction of the court, had returned an indictment, was approved, but the requirements of section 281, *supra,* were not adverted to, and in no opinion has this court held that such a decision by a trial court is subject to an exception or a review by this court, though, in several decisions, it has unreservedly stated the proper course to be pursued by the trial courts, under certain states of fact.

In the instant action, although appellant assigned the overruling of the motion to set aside the indictment as one of the grounds for a new trial, as heretofore stated, the record does not contain any order showing that the court overruled the motion, and appellant now insists that the court refused to pass upon the motion and forced him to plead to the indictment, and that this action of the court is reversible error. The record, however, fails to show that the appellant ever insisted upon the motion being decided, or any reluctance upon his part to plead to the indictment. The failure of the court to decide upon the motion had the same effect upon the trial and the fortunes of the appellant, as if it had overruled the motion, and if a decision overruling the motion cannot be reviewed upon appeal, it is impossible to see how a failure to pass upon the motion should constitute a decision subject to exception and review.

The judgment is therefore affirmed.