## Brown v. Commonwealth.

(Decided June 19, 1923.)

## Appeal from Meade Circuit Court.

1. Criminal Law—Oral Admonition Limiting Evidence Admitted Only to Affect Credibility is Sufficient.—Where evidence is admitted solely to affect the credibility of accused as a witness it is not necessary for the court to give a written instruction limiting the effect of such evidence, but an oral admonition to that effect when the evidence is introduced, or before the submission of the case, is sufficient.

2. Intoxicating Liquors—Evidence of Defendant's Bad Reputation as a Bootlegger is Admissible as Substantive Proof.—Under Prohibition Enforcement Act 1922, section 15, the bad reputation of accused as a bottlegger is admissible as substantive proof of his guilt of violating that act, and not merely to affect his credibility as a witness.

3. Criminal Law—Rulings in Selection of Jury Cannot be Reviewed. —Under Criminal Code of Practice, section 281, the Court of Appeals has no authority to review the rulings of the circuit court in the selection or impaneling of a jury in a criminal case, and therefore cannot consider an assignment of error in sustaining

the prosecution's challenge for cause to a juror after he had once been accepted.

DUDLEY C. JONES for appellant.

THOS. B. McGREGOR, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Meade circuit court entered upon the verdict of a jury finding the appellant, Leck Brown, guilty of the offense, charged by indictment, of unlawfully selling spirituous liquor, not for sacramental, medicinal, scientific or mechanical purposes, and fixing his punishment at a fine of $100.00 and imprisonment of thirty days in jail.

Of the several grounds filed by the appellant in support of his motion for a new trial, overruled by the court below, only two are urged on the appeal for the reversal sought of the judgment of conviction; and we will confine our consideration of the case to these two grounds, which are: (1) Error of the trial court in failing to instruct the jury on the whole law of the case. (2) Error in permitting the Commonwealth's attorney to challenge and excuse a juror he had previously accepted for the Commonwealth.

It is insisted by counsel for the appellant in support of the first contention, that the latter was prejudiced in his substantial rights by the failure of the trial court to advise the jury by a proper instruction that certain evidence heard on the trial, relating to the appellant's reputation as a "bootlegger" or unlawful trafficker in intoxicating liquors, should be considered by them only for the purpose of discrediting his testimony or affecting his credibility as a witness. If such were the only purpose for which the evidence in question could properly have been considered by the jury, an instruction so advising them was not required; only an oral admonition to that effect from the court given them when the evidence was introduced, or before the submission of the case to the jury, would have been necessary; for such is the customary and proper practice. But on the trial of the appellant not even an admonition from the court of the character indicated was required or would have been proper, for the evidence relating to the reputation of the appellant in the particular mentioned, was competent as substantive evidence to be considered by the jury with

any other substantive evidence in the case that may have tended to connect him with the commission of the offense charged.

The character of the evidence in question seems to have been declared by section 15, of the prohibition enforcement act, 1922, which was admittedly in force when the offense with which the appellant was charged was committed. In discussing this section and its effect in Keith v. Comlth., 197 Ky. 362, after first holding that its provisions are in no way obnoxious to section 13 state Constitution, we, in part, said:

"Undoubtedly the General Assembly has power to change the common law rule of evidence by properly enacted statutes, and having undertaken in the proper manner to authorize the introduction of evidence proving the reputation of a defendant for bootlegging as substantive evidence, we can see no reason why such legislation should not be enforced if it does not contravene section 13, or some other provision of our fundamental law. Price v. Comlth., 195 Ky. 711; Handshoe v. Comlth., 195 Ky. 762; Fletcher v. Comlth., 196 Ky. 625."

The conclusion thus expressed in Keith v. Comlth., *supra*, was reaffirmed in Crawford v. Comlth., 198 Ky. 726. It follows from what has been said that the appellant's first contention is wholly without merit.

Consideration of the second contention, for the reason presently stated, would be of no benefit to the appellant. We will, however, state that the discharge by the trial court of one Hardesty from the jury upon the challenge of the Commonwealth's attorney, of which the appellant's counsel so strongly complains, appears from the record to have been effected in the following manner: After twelve men had been examined and accepted as jurors by the Commonwealth, but were being examined by the appellant's counsel preparatory to passing upon them, Hardesty, one of the twelve, requested to be excused from the jury, giving as a reason therefor his intimacy with the appellant and his father and fear of disturbing the friendly relations between them. Whereupon the Commonwealth's attorney challenged Hardesty for cause and the court excused him, to which the appellant excepted.

Whether this action of the trial court was a "grievous" error, as insisted by counsel for the appellant, or a mere irregularity of no consequence, as claimed by counsel for the Commonwealth, we are powerless to decide,

for section 281, Criminal Code, deprives the Court of Appeals of authority to review rulings of the circuit court in the selection or empanelling of a jury in a criminal case. Curtis v. Comlth., 110 Ky. 845; Howard v. Comlth., 118 Ky. 1; Harris v. Comlth., 163 Ky. 781; Chaney v. Comlth., 149 Ky. 464; Childers v. Comlth., 161 Ky. 440; Daniel v. Comlth., 154 Ky. 601; Frasure v. Comlth., 180 Ky. 274; Leadingham v. Comlth., 182 Ky. 291.

As there was evidence to support the verdict and the record presents no reversible error in any ruling of the trial court, the judgment is affirmed.