## Commonwealth v. Jones.

(Decided May 3, 1932.)

BAILEY P. WOOTTON, Attorney General, H. HAMILTON RICE, Assistant Attorney General, JOHN L. GRAYOT, and CHARLES FERGUSON for appellant.

C. H. WILSON and J. D. MOCQUOT for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Dismissing appeal.

At the April term of the Livingston circuit court in 1930, Dr. F. A. Jones was indicted for the crime of forgery, committed by changing the rate of interest called for by a promissory note. He executed bond for his appearance at the September, 1930, term of the court. The court granted a continuance in September, and at the next December term of the court, on motion of the prosecuting attorney, the prosecution was dismissed "with leave given to resubmit to the present Grand Jury." The defendant was ordered to stand on his bond to await the action of the grand jury, and the witnesses were discharged. Nothing more appears to have been done until the September, 1931, term of court, when a new indictment, very similar to the former one, was returned. A demurrer was overruled, and the defendant filed a motion to set aside the indictment on the ground that no order of the court was made resubmitting the matter to the September, 1931, grand jury, as required by the Criminal Code of Practice. See sections 115, 116, and 117. Sutton v. Com., 97 Ky. 308, 30 S. W. 661, 17 Ky. Law Rep. 184; Kidd v. Com., 229 Ky. 87, 16 S. W. (2d) 769. The court sustained the motion and set aside the indictment. The commonwealth has prosecuted an appeal seeking a reversal of the order or a certification of the law.

We are met at the threshold by section 281 of the Criminal Code of Practice, which provides:

"The decisions of the court upon challenges to the panel, and for cause, or upon motions to set aside an indictment shall not be subject to exception."

In construing this section of the Criminal Code, it has been held uniformly that the decisions of circuit courts upon motions to set aside indictments are not re-

638

viewable by the Court of Appeals. Com. v. Simons, 100 Ky. 164, 37 S. W. 949, 18 Ky. Law Rep. 848; Slaughter v. Com., 152 Ky. 128, 153 S. W. 46; Hendrickson v. Com., 146 Ky. 742, 143 S. W. 433; Jenkins v. Com., 167 Ky. 544, 180 S. W. 961, 3 A. L. R. 1522; Harris v. Com., 195 Ky. 693, 243 S. W. 932; Neace v. Com., 231 Ky. 1, 21 S. W. (2d) 120. Nor can we review the particular ruling for the purpose of certifying the law. Criminal Code of Practice, sec. 337.

A ruling upon such a motion is not subject to exception, and the commonwealth may not appeal, even for a certification of the law, from any rulings not adverse to her, or to which no exception was preserved. Criminal Code of Practice, sec. 280; Branson v. Com., 92 Ky. 330, 17 S. W. 1019, 13 Ky. Law Rep. 614; Buckles v. Com., 113 Ky. 795, 68 S. W. 1084, 24 Ky. Law Rep. 571; Brown v. Com., 199 Ky. 831, 251 S. W. 994; Com. v. L. & N. R. Co., 175 Ky. 250, 194 S. W. 303. Since the commonwealth may not review a ruling to which no exception was properly reserved, it necessarily follows that rulings to which an exception is forbidden are not subject to appeal for a certification of the law.

The right to an appeal for any purpose and on behalf of any party is purely statutory, and, in the absence of statutory authority therefor, this court is without jurisdiction to consider the questions presented by the present record. Compare Com. v. Williams, 230 Ky. 71, 18 S. W. (2d) 881.

The appeal is dismissed.