## Lovelace v. Commonwealth.

(Decided Feb. 11, 1938.)

LEEBERN ALLEN, C. E. TYREE and ROSE & STAMPER for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellant was indicted by the Lee county grand jury on May 27, 1937, for the murder of Jake Brandenburg. Upon trial at the June, 1937, term he was found guilty of manslaughter and his punishment fixed at five years' confinement in the penitentiary. His motion for a new trial was overruled, judgment entered, and he appeals.

The question presented for our review relates solely to procedure, and calls for construction of several sections of our Criminal Code. By the motion for a new trial, bill of exceptions, orders, and exhibits filed in support of his motion to dismiss the indictment, it is made to appear that the instant indictment was returned without following certain provisions of the Criminal Code.

Appellant's motion to set aside the indictment was based on the failure of the court to order a submission, after one grand jury had dismissed the pending charge against him, as is made necessary by the negative pro-

vision of section 116 of the Criminal Code of Practice, which provides:

"The dismissal of the charge does not prevent it being again submitted to a grand jury, as often as the court may direct, but without such direction it can not again be submitted."

In order to reach the meaning and import of the section, supra, and to ascertain in just what cases and under what circumstances in such cases the section applies, reference must be had to the preceding section, Criminal Code, sec. 115. It provides, substantially that where there has been an arrest of one on an indictable charge, followed by an examining trial, which results in a holding over of the accused to a grand jury, and the accused be committed to jail or granted bail, followed by execution of bond for his appearance, all the papers relating thereto are to be transmitted to the grand jury by the examining magistrate. If, upon investigation by the grand jury, it determines not to return a true bill, "they shall write upon some one of the papers 'dismissed,' with the signature of the foreman."

Such action having been taken, the court must discharge the defendant from custody, or exonerate the bail, unless the court be of the opinion that the charge should be submitted to another grand jury, in which case the accused may be further held. This procedure is necessarily had in the circuit court, to which body the grand jury reports. When such procedure takes place, it is necessary, as pointed out in section 115 of the Criminal Code, that the circuit court, if it desires such, direct a resubmission. It may be noted a resubmission may be ordered as often as the court directs.

From a survey of the record it appears that in the instant case consideration of the charge of killing Jake Brandenburg was before the grand jury of Lee county at the February, 1937, term of court. The instant indictment was returned on May 27, 1937. The case was assigned to hearing at the May term. On June 8th, and during the May term, appellant in writing moved the court to set aside the indictment on the ground that the February grand jury had examined the charge against him; had returned the papers on one of which was in-

dorsed the word "dismissed," followed by the signature of the foreman of the grand jury, and that no order of resubmission was thereafter made.

Appellant filed with and as a part of his motion copies of warrant for his arrest on the murder charge, duly executed; an order of the county court releasing him on his appearance bond. Indorsed on the back of the bail bond was a statement to the effect that the grand jury had made diligent examination of the charge of murder against appellant, and had failed to find sufficient evidence to indict him, "and said warrant is dismissed." This was signed by the foreman of the grand jury.

The foregoing state of facts brings his contention fairly before us for determination. Reading the section of the Code, supra, in connection with others—to which we later refer—there is no escape from the conclusion that the indictment was not found or returned in compliance with the terms of sections of the Code involved. This being so, the irregularity charged subjected the indictment to criticism under the provision of subdivision 3 of section 158 of the Criminal Code of Practice, which provides:

"The motion to set aside the indictment can only be made on the following grounds: * * * 3. That the indictment was not found and presented as required by this Code."

There must be read in connection with section 157, Criminal Code of Practice, which reads:

"Upon the arraignment, or upon the call of the indictment for trial, if there be no arraignment, the defendant must either move to set aside the indictment or plead thereto."

The record here shows no formal arraignment; however, after the return of the bench warrant for his arrest under the instant indictment, and while he was in custody on June 8, he made the motion above referred to, which the court on the same day overruled. The case was called for trial on June 14, and he entered a plea of not guilty, and was put upon trial, with the result above stated.

So far as we have been able to discover, there are only three cases in which the question has been presented in this court: Sutton v. Com., 97 Ky. 308, 30 S. W. 661, 662, 17 Ky. Law Rep. 184; Kidd v. Com., 229 Ky. 87, 16 S. W. (2d) 769; and Com. v. Jones, 243 Ky. 636, 49 S. W. (2d) 546. Counsel on both sides have referred us to these and no others.

If appellant has presented any authority, it is the Sutton opinion. Sutton and Beecher were indicted in 1893 for forgery. At some time before plea, Beecher moved the court to set aside the indictment on the grounds that he had gone through an examining trial, and two successive grand juries had failed to find a true bill against him. There was no return of papers by the grand jury, indorsed as required by the Code, but this court held that, "as two terms of court had intervened before the indictment under which appellant was convicted had been found, and it was then done without direction of the court, the motion made by Beecher was required by section 158 to be sustained."

The court then considered sections 157 and 158 of the Criminal Code of Practice, and gave Beecher the benefit of the provisions of sections 115 and 116. Sutton made a simlar motion, but the court held that the provisions of section 116 were not available to him because he had not followed the provisions of section 157 of the Criminal Code of Practice, pointing out that instead of moving to set aside, he had entered his plea to, the indictment.

It is not necessary for us to now determine whether or not the court in the Sutton opinion ruled correctly in holding that a failure of the grand jury to indict for any number of succeeding terms, without following the provisions of sections 115 and 116 of the Criminal Code of Practice would present sustainable grounds for setting aside an indictment, as is thereby provided. However, we do agree to the court's construction of section 116, and directly relative sections, of the Code, which it had under consideration. It may be noted in passing, that notwithstanding section 281 of the Criminal Code of Practice existed then in the same form as it did prior to the amendment thereof in 1932 (to which amended section we later refer), no mention of this section was made in the opinion.

In Kidd v. Com., 229 Ky. 87, 16 S. W. (2d) 769, a motion to quash the indictment was made on the same grounds as here presented. The lower court refused to sustain the motion, and on appeal we upheld the lower court, because "the record does not disclose whether an examining trial had been held, or whether the case had been considered by a previous grand jury, or whether any prosecution had been dismissed. In the absence of facts appearing of record to bring the case within the purview of sections 115 and 116 of the Criminal Code, the court could not properly sustain the motion." We added, however:

"The question, in any event, is addressed to the discretion of the circuit court * * * and its ruling thereon is not subject to review in this court. (Criminal Code, sec. 281.)"

This does not now apply, due to the amendment below mentioned.

In Com. v. Jones, 243 Ky. 636, 49 S. W. (2d) 546, the lower court had sustained Jones' motion to set aside an indictment against him on the ground that a prosecution had been dismissed, "with leave given to resubmit to the present Grand Jury." The record showed that there was a resubmission after several terms of court had passed, as Jones alleged, without an order of resubmission. No indictment had been returned by intervening grand juries. The appeal by the Commonwealth for a certification of the law was dismissed by this court, because section 281 of the Criminal Code then read:

"The decisions of the court upon challenges to the panel, and for cause, or upon motions to set aside an indictment, shall *not* be subject to exception."

The court in the Jones Case cites, as do notes under the Code then in effect, numerous cases in which we had strictly adhered to the plain letter of the then Code provision. However, we note that the Kidd and Jones' Cases were before us for review prior to the effective date of an amendment to section 281 of the Criminal Code of Practice by legislative act at the 1932 session of the general assembly. Acts 1932, c. 63, sec. 2. The very decided alteration was effected by striking from the section as quoted above, the word "not." Since

that amendment, we have repeatedly followed the definite provision of the Code, as will be noted by reference to Jennings v. Com., 239 Ky. 629, 40 S. W. (2d) 279; Alsept v. Com., 245 Ky. 741, 54 S. W. (2d) 337; Williams v. Com., 254 Ky. 277, 71 S. W. (2d) 626; Miller v. Com., 240 Ky. 355, 42 S. W. (2d) 523, and to Kentucky Digest, Criminal Law, Key Number System 1134 (3).

Upon a careful consideration of the question before us, we have concluded that since the May, 1937, indictment was returned in a manner not authorized by the Code provisions, supra, and the question was fairly raised, without waiver of right to present it, we are compelled to reverse the judgment below, with directions for further proceedings consistent with this opinion.

Judgment reversed.