COMMONWEALTH of Kentucky, Appellant,

v.

Addison L. EVERETT and Hobart Rayburn, Appellees.

COMMONWEALTH of Kentucky, Appellant,

v.

Addison L. EVERETT, Robert L. Gullette and Edwin Kubale, Jr., Appellees.

Court of Appeals of Kentucky.

May 6, 1960.

Jo M. Ferguson, Atty. Gen., Seth T. Boaz, Jr., Asst. Atty. Gen., James P. Hanrahan, Commonwealth's Atty., Frankfort, for appellant.

Marion Rider, Frankfort, D. Bernard Coughlin, Maysville, for Addison L. Everett and Hobart Rayburn.

Marion Rider, Frankfort, D. Bernard Coughlin, Maysville, B. T. Moynahan, Jr., Nicholasville, Cecil C. Sanders, Lancaster, for Addison L. Everett, Robert L. Gullette and Edwin Kubale, Jr.

MOREMEN, Judge.

Appellees, Addison L. Everett, Hobart Rayburn, Edwin Kubale, Jr., and Robert L. Gullette, were all duly elected, qualified and acting members of the House of Representatives of the General Assembly of the Commonwealth of Kentucky during its session which began on January 7, 1958, and ended on March 21, 1958.

On the 8th day of May, 1958, a grand jury of the Franklin Circuit Court returned indictments "for soliciting the commission of a felony, to wit: the payment of a bribe to a member of the General Assembly of the Commonwealth of Kentucky" wherein each appellee was accused, mutatis mutandis, of:

"* * * intending to betray the trust reposed in him and to violate his duty as a member of the House of Representatives of the Commonwealth of Kentucky, did then and there wilfully, unlawfully and corruptly solicit the payment of, and offer to receive, a bribe, gift, gratuity or reward in the amount of Five Thousand ($5,000) Dollars from one Ralph Wible of Owensboro, Kentucky, John Schneider of Ashland, Kentucky, and Ansel Herndon of Danville, Kentucky, to induce them, the said Addison L. Everett and Hobart Rayburn, and each of them, to vote and/or to secure the votes of members of the House of Representatives for the purpose of passing a measure known as House Bill No. 138, which measure was then pending be-

fore the House of Representatives of the Commonwealth of Kentucky and before its Committee on Health and Welfare; * * *"

Appellees demurred to the indictments. The circuit court found that the indictments did not charge a public offense against the appellees or any of them, and dismissed the indictments against them. The Commonwealth did not object or except to either the orders of the circuit court sustaining the demurrer to the indictments or the judgments of the court dismissing the indictments. Bills of exceptions were not filed.

■ Appellees contend that this court is without jurisdiction to review the orders and judgments of the Franklin Circuit Court because of the failure of the Commonwealth to except to them.

Prior to June 17, 1932, sections 280 and 281 of the Criminal Code of Practice read:

§ 280. "Upon the trial of criminal or penal prosecutions, either party may except to any decision of the court by which the substantial rights of such party are prejudiced, subject to the restrictions in the next section."

§ 281. "The decisions of the court upon challenges to the panel, and for cause, or upon motions to set aside an indictment, shall not be subject to exception."

In Commonwealth v. Jones, 243 Ky. 636, 49 S.W.2d 546, 547, decided May, 1932, it was held in a case where the trial court had sustained a motion to set aside the indictment that the Commonwealth may not appeal, even for certification of the law, from any ruling not adverse or to which no exception was preserved and since the Commonwealth was denied the right to take exception to the order setting aside the indictment, the action was not reviewable. The court said:

"Since the commonwealth may not review a ruling to which no exception was properly preserved, it necessarily follows that rulings to which an exception is forbidden are not subject to appeal for certification of the law."

Ample authority was cited in the opinion to support the statement that the Commonwealth must except to adverse rulings before review by this court is permitted. Branson v. Com., 92 Ky. 330, 17 S.W. 1019, 13 Ky.Law Rep. 614; Buckles v. Com., 113 Ky. 795, 68 S.W. 1084, 24 Ky.Law Rep. 571; Brown v. Com., 199 Ky. 831, 251 S.W. 994; Com. v. Louisville & N. R. Co., 175 Ky. 250, 194 S.W. 303.

The opinion in Branson v. Com., 92 Ky. 330, 17 S.W. 1019, 1020, gives sound reason why formal steps of objecting and excepting are required by the law, and explains:

"The trial judge should be made aware, when one side proposes to take a certain step in a case, that it is objected to upon the other side. This is fair to him. The matter is likely then to receive more careful attention from him. The party ought not to wait, as if he were consenting, and then afterwards merely except to what has been done. He should also except to the decision when made, else it can fairly be inferred that, although he objected when the step was proposed by the adverse party, yet that he has acquiesced in the court's decision as correct. Loving v. Warren Co., 14 Bush, 316; Reed v. Com., 7 Bush, 641."

■ By an act which became effective on June 17, 1932, sections 280 and 281 of the Criminal Code of Practice were amended so that they now read:

§ 280. "Upon the trial of criminal or penal prosecutions, either party may except to any decision of the court by which the substantial rights of such party are prejudiced."

§ 281. "The decision of the court upon challenges, and for cause, or upon motions to set aside the indictment, shall be subject to exception."

The amendments, however, do not affect the duty of each party to except to rulings and judgments adverse to him. They only give to the Commonwealth the additional right to except to certain decisions which was denied to it under the old sections. The amendments do not relieve the Commonwealth of its duty to preserve exceptions in matters upon which it attempts to seek review in this court.

The judgment is therefore affirmed.