## Commonwealth v. Denny.

(Decided October 17, 1930.)

J. W. CAMMACK, Attorney General, and HOWARD BLACK for appellant.

PETRIE & STANDARD and C. A. DENNY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

The grand jury of Todd county returned an indictment against the appellant and defendant therein, C. A.

Denny, which, omitting caption and signature, was and is in these words:

"The Grand Jury of the County of Todd in the name and authority of the Commonwealth of Kentucky, accuse C. A. Denny of the offense of willfully, unlawfully, knowingly and designedly, by persuasion, entreaty and promise of reward to improperly and corruptly influence and so attempt to influence a male person of Todd County, more than 21 years of age, subject to Jury services, in said Todd County, to improperly and corruptly purchase and influence and control the opinion, decision, verdict and award in the prosecution and determination of the trial of a person then under indictment, charged with a felony in the Todd Circuit Court and to be thereafter tried upon said indictment in said Court, committed as follows, to-wit: The said C. A. Denny, heretofore, within one year before the finding of this indictment, to-wit: On the 28th day of March, A. D. 1930, in the county aforesaid, did unlawfully, willfully, by means of persuasion, entreaty and promise of reward, by the payment of money to one J. L. Driskill for the purpose of improperly and corruptly influencing the decision and verdict of the said Driskill, if called as a juror in the trial of the case of the Commonwealth of Kentucky v. R. B. Grady, which said cause was then pending in the Todd Circuit Court and the said Driskill being a citizen, resident, housekeeper of Todd County, more than 21 years of age, eligible and qualified for Jury service in said Court and the said defendant Denny, did wilfully, designedly and corruptly offer to pay to the said Driskill the sum of one Hundred ($100.00) Dollars, if he, the said Driskill, was called as a Juror in said case of Commonwealth v. Grady. If he, the said Driskill, who qualify himself to sit as a Juror in said case and after having qualified, would hang or cause said jury to hang, and fail to return a verdict in said cause of Commonwealth v. the said Grady, the said R. B. Grady being at the time charged under the indictment in the Todd Circuit Court, with having slain and murdered one Zack Boone, and the said Denny was at the time, in the employ of the said Grady in a legal capacity, defend-

ing the said Grady; the said Denny at the time being a regularly licensed, practicing attorney engaged in the practice of law in the County of Todd and the State of Kentucky and elsewhere. That said offer was made for the purpose of controlling the opinion and verdict of the said Driskill, if called upon as a juror, and for the purpose of thwarting and hampering and impealing (evidently 'impairing') and destroying the orderly administration of justice and to bring the law, the courts and its officers into disrepute and to prevent the unbiased expression and verdict of the jury in the trial of said cause and that the said J. L. Driskill, in the selection and making up of a jury for the trial of said Commonwealth v. R. B. Grady, was called and summoned as a juror and qualified to the extent of his citizenship, his age, his residence and his absence of any knowledge of facts or circumstances surrounding the commission of the crime charged against the said Grady and of having expressed no opinion as to the guilt or innocence of the said Grady of the crime charged and, at the time said offer and reward was made by the said Denny, he well knew of the charge contained in the indictment against said Grady, of the approaching term of Court and that the said Driskill was a citizen, resident and housekeeper of Todd County and qualified for jury service in said County.''

Defendant's demurrer filed thereto was sustained, and, insisting that it was error to do so, the commonwealth objected and excepted thereto and prosecutes this appeal. The defects of the indictment urged against its sufficiency, both in the court below and here, were and are: (1) That its descriptive part does not contain facts sufficient to constitute a public offense and especially that of embracery, which was the label of the indictment on its back, but no such label appearing in its body or anywhere on its face, and (2) that, if mistaken as to defect (1), then the accusatory part of the indictment describes no offense, either at common law or of statutory creation, and that the demurrer thereto should have been sustained under the doctrine announced in the cases of Commonwealth v. Tupman, 30 S. W. 661, 17 Ky. Law Rep. 217; Deaton & Bogg v. Commonwealth, 220 Ky. 343,

295 S. W. 167, and others referred to in the opinion in the latter case. Both parties treat the indictment on this appeal as one attempting to charge defendant with committing the common-law offense of embracery. But, since we have concluded that defect (1) is well taken and is sufficient to support the judgment on the demurrer, it will be unnecessary to discuss or determine defect (2) and we express no opinion concerning it.

Embracery is a common-law offense and is defined by Blackstone as "an attempt to influence a jury corruptly to one side, by promises, persuasions, entreaties, money, entertainment, or the like." When committed by one not a party in interest in the litigation involved it is a species of maintenance; but, if committed by a party in interest, it is divorced from maintenance and becomes unqualified embracery. 20 C. J. 496, par. 2, and Brown v. Beauchamp, 5 T. B. Mon. 413, 17 Am. Dec. 81. The domestic case defines it "as where one attempts to corrupt, or influence, or instruct a jury, or any way to incline them to be more favorable to the one side or the other, by money, letters, promises, threats, or persuasions, except only by the strength of evidence, and the arguments of counsel in open court, at the trial of the cause; so also by laboring a juror to appear, and act according to conscience, or by indirect means, as where persons procure themselves or others to be sworn on a jury to serve the one side. (1 Hawk, pl. cor. chap. 83, 84, 85, p. 535 to 552; 2d Inst. 212, 213; Coke Litt. 368; 1 Sand. 301.)"

It is a common-law offense in all of the states, so far as we have been informed, including this one, but the Legislatures of many of them have adopted it by statute, some of which penalize conduct that might fall short of the common-law definition, but which latter, we conclude, were not intended to repeal the common-law offense but to provide for the punishment of those who were guilty of only some of the elements of that offense, an illustration of which is section 1367 of our present Statutes, saying: "If any person shall procure any juror to take gain or profit for rendering his verdict, or refusing to render his verdict, he shall be fined not less than one hundred nor more than one thousand dollars." It will be perceived that at common-law the denounced acts necessary for the commission of the offense are required to be directed toward the unlawful influencing of a juror, which, accu-

rately speaking, is one who has already been selected and sworn as a member of the jury in a particular action or prosecution, or impaneled for the term; but in a number of jurisdictions in the United States (in some through judicial interpretation or extension, or by a statute) the offense is made to embrace such denounced conduct toward one who has been *summoned* for jury service, or whose name has been put into the jury wheel for jury service and who will *probably* become a juror, although not yet called or selected in any particular litigation, or as a member of the regular panel. 20 C. J. supra, 496, sec. 4, and cases cited in the notes. Since the offense is aimed at the preservation of the purity of judicial investigations, and since the denounced conduct of the one who commits it is intended to thwart that most commendable purpose and to thereby obtain profit for himself or another through such destructive and corrupt practices, we are inclined to approve the extended definition above referred to so as to extend the definition as to embrace the denounced acts when directed to a *prospective* juror and who becomes such when the ordained processes of the law have so advanced as to select him as a person for prospective jury service and which would, at least, include persons whose names had been drawn from the wheel or otherwise selected to serve on the jury at a particular term of court. But, whether it would also embrace any one whose name had been put into the jury wheel (but not drawn for service), we need not and do not now determine. Bouvier's Law Dictionary and other acknowledged authoritative writers define the common-law offense of embracery in the same terms as do Corpus Juris and the domestic Brown case, supra (see volume 1, Third Revision, Bouvier's Law Dictionary, p. 1007), and no author or adjudication is in conflict therewith.

Measuring the descriptive part of the indictment here involved by the law as so outlined, it is at once apparent that its language is not sufficient to constitute the offense of embracery at common law, nor to include it in the extended definition supra. All that the indictment discloses is, that one Driskill was a citizen of Todd county eligible for jury service; that defendant was a member of the Todd county bar and had been employed to represent one Grady at his future trial under an indictment in the Todd circuit court and in which he (Grady)

was accused of murdering one Boone, and that defendant promised to pay Driskill $100 to hang the jury at the trial of Grady if perchance he should happen to be selected and sworn as a member of the jury trying Grady. In other words, all that the indictment accuses appellant of having committed was an attempt to bribe and corruptly influence one of several thousand persons in Todd county eligible for jury service to either return a favorable verdict for his client or prevent the other members of the jury returning a verdict against him upon the eventual selection of Driskill as a juror. But in no event could such conduct become effective, unless circumstances would shape themselves so as to put Driskill on the jury to try the prosecution against Grady, and which it at once will be seen was a most remote possibility. At any rate Driskill was neither a juror at the time the alleged corrupt acts of defendant occurred, nor had he been made a prospective juror by his name having been selected to be summoned as a juror for any term of the Todd circuit court, or to try the Grady or any other case in that court.

Therefore, whatever else may be said with reference to the alleged conduct of appellant, if true, or what punishment should be inflicted under the law, if proven guilty, are questions not presented for our determination and upon which we express no opinion. It is sufficient for us to determine, as we have done, that the described conduct did not measure up to *any* definition of the offense of *embracery* and which was the commonwealth's label of the indictment on its back only. Nor is the described offense embraced within the terms of section 1367, supra, of our Statutes since the conduct therein denounced must be directed towards the corrupt influencing of a *juror* but who does not become such until he is in some manner selected for that service. It is not claimed that the indictment is sufficient to charge the offense of obstructing justice, but, if such claim was made, it is clear that it is insufficient for that purpose for the reasons hereinbefore discussed, and the same is true with reference to an attempt at bribery, since the person so attempted to be bribed had, at the time, no public duties to perform and upon which the unlawful influence could operate.

The offense attempted to be charged is a misdemeanor, in which case the judgment of the trial court upon a demurrer to the indictment may be reversed or affirmed, as the case may be, and without certifying the law as is required in appeals by the commonwealth in felony prosecutions.

Wherefore the judgment is affirmed.