CHIEF JUSTICE DUVALL
delivered the opinion of the court:
Admitting that the answer ofthe defendants was technically defective, and that the objection of the Commonwealth to some of the evidence offered, should have been sustained, still the question arises whether, upon the whole record, any substantial injustice has been done the Commonwealth by the judgment appealed from.
The recognizance appears to have been entered into in October, 1860, and filed in the clerk’s office in' December, 1860. From that day to this, so far as the record shows, no indictment has ever been found against Roberts, nor any other step taken towards the prosecution of the charge mentioned in the recognizance. The presumption is, that the charge was submitted to the grand jury of the county at the term of the court to which the defendant was recognized, being the April term, 1861. It was, moreover, proved without objection, that the case was before the grand jury at that term, that they failed to find an indictment, and that that fact was reported by them to the court. In addition to this it was admitted on the trial that no indictment was found.
By section 116 of the Criminal Code, “unless an indictment be found at the term of the court next after the first submission of the charge to the grand jury, the defendant shall be discharged from custody, or exonerated from bail, unless, for cause shown, the court shall otherwise direct.”
It was then the duty of the court, on the report of the-grand jury, to have entered o>f record the discharge of the defendant and the exoneration of the bail, unless there had existed some reason for directing otherwise. This, however, appears not to have been done. But certainly that omission should not be allowed to prejudice the defendant and his sureties t.o the extent of subjecting them to liability for the whole amount of the bail. In September, 1862, nearly two years after the date of the recognizance, and no indictment having in the' meantime been found, this summons is issued against the defendant and his sureties, requiring them to show cause why the recognizance should not be forfeited, <fcc. In our opinion the facts referred to constituted sufficient cause, and for that reason the *221 court below properly dismissed the proceeding, the effect of which was to exonerate all the parties from liability on the recognizance — an order which, under the section quoted, should have been made, as already shown, upon the failure of the grand jury to indict.
The errors in the proceeding are not prejudicial to the appellant, and therefore furnish no ground of reversal.
The judgment is affirmed..