CASE 4—INDICTMENT—DECEMBER 5.

# Bryant, &c., vs. Commonwealth.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

1. A defendant is entitled to be exonerated from bail according to the 116th section of the Code, because no indictment was found at the term of the court next after the first submission of the charge to the grand jury, when no order was made that the charge should again be submitted to another grand jury, or discharging the defendant, or exonerating the bail, and it was erroneous to proceed to forfeit and collect the bail bond for the obvious reason that the omission of the court to enter an order which it was its duty to make, should not be allowed to prejudice the defendant and his sureties in the subsequent proceedings on the bond.

2. Attorneys for the Commonwealth are allowed for their services in proceedings on forfeited recognizances a part of the judgment when rendered in behalf of the Commonwealth; but not a portion of the bail bond or recognizance before judgment.

3. *It was error in the circuit court* to render a judgment on a bail bond for three hundred dollars, "that the plaintiff recover of the defendant the sum of one hundred and twenty dollars, being the forty per cent. allowed by law to the Commonwealth's Attorney on the amount of the bond herein, and the same to be paid to him when collected."

W. O. CUNNINGHAM, For Appellant,
CITED—
*Criminal Code, secs.* 114, 116.
4 *Metcalfe*, 219; *Commonwealth vs. Roberts.*

JOHN RODMAN, Attorney General, For Appellee,
CITED—
*Criminal Code, secs.* 88, 94.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

Adrian Bryant, being in custody before the judge of the city court of Louisville, charged with the crime of

mayhem, on the 26th day of September, 1866, together with the appellant, Henry Kirklighter, executed a bail bond for his appearance in the Jefferson circuit court to answer the charge of the Commonwealth in the penalty of three hundred dollars.

And said circuit court being in session on the 24th of November, 1866, an indictment, signed by the Attorney for the Commonwealth, charging Bryant with said offense, was returned into court by the grand jury, indorsed as follows: "Ignored. W. Kendrick, foreman."

There was no order made by the court either discharging the defendant or directing a resubmission of his case to a grand jury; nor does the record show that he entered his appearance or was at that time required to do so.

Subsequently, on the 26th of November, the defendant was called, and failing to appear, an order was made forfeiting the bond, and directing that a summons be issued thereon.

The defendants answered, relying on the previous action of the court and grand jury as a discharge of the bond; and upon the issue thus presented the court adjudged, "that plaintiff recover of Henry Kirklighter the sum of one hundred and twenty dollars, being the forty per cent. allowed by law to the Commonwealth's Attorney on the amount of the bond herein, and the same to be paid to him when collected; also her costs herein expended."

Whether the court was authorized to render this judgment is the principal point to be determined.

It is provided in the 114th section of the Civil Code, that when the grand jury shall, upon investigation of a charge on which a party has been committed or held to bail, "refuse to find an indictment, they shall write upon

some one of the papers 'dismissed,' with the signature of the foreman, and thereupon the court shall discharge the defendant from custody, if in jail, or exonerate the bail if bail be given, unless the court should be of opinion that the charge should again be submitted to another grand jury, in which case the defendant may be continued in custody or on bail until the next term of the court."

Inasmuch as the court did not order a resubmission of the case to a grand jury, it is plain that an order should have been made discharging the defendant; but the court having failed to make either order, the question arises whether such failure was or not in connection with the action of the grand jury, a constructive exoneration of the bail.

It was held by this court, in the case of *The Commonwealth vs. Roberts* (4 *Met.*, 219), that where a defendant was entitled to be exonerated from bail, according to the 116th section of the Code, because no indictment was found at the term of the court next after the first submission of the charge to the grand jury, that fact was a sufficient ground for dismissing a proceeding against the bail for the failure of the defendant to appear, although no order had been made discharging the defendant, or exonerating the bail, for the obvious reason that the omission of the court to enter an order, which it was its duty to make, should not be allowed to prejudice the defendant and his sureties in the subsequent proceeding to recover on the bond; and for the same reason the judgment in this case is deemed erroneous.

It is also erroneous in directing that the whole sum adjudged against the defendants should be paid to the Commonwealth's Attorney. Attorneys for the Commonwealth are allowed for their services, in proceedings on

forfeited recognizances, a part of the judgment when rendered in behalf of the Commonwealth, but not a proportion of the bail bond or recognizance before judgment.

Wherefore, the judgment is reversed, and the cause remanded, with directions to dismiss the proceeding.