CASE 82—INDICTMENT FOR PERJURY—MAY 30.

# Commonwealth v. Swanger.

108   579
f123  339

APPEAL FROM MASON CIRCUIT COURT.

JUDGMENT DISMISSING INDICTMENT AND COMMONWEALTH APPEALS.
AFFIRMED.

INDICTMENT FOR PERJURY—OMISSION OF WORD "FELONIOUSLY"—RESUB-
MISSION TO GRAND JURY.

Held:  1. An indictment for perjury which fails to charge that the
giving of the alleged false testimony was with felonious intent
is not good on demurrer.
2. Where a demurrer to an indictment is sustained because of the
failure of the indictment to charge facts essential to a good in-
dictment, it is in the discretion of the court, under Criminal
Code of Practice, section 170, whether it will submit the case
to another grand jury, as it is provided merely that the court
"may" do so; and that discretion was not abused by the refusal
to so submit an indictment for perjury, where the alleged false
testimony was not necessarily material in determining the de-
fendant's guilt or innocence of the charge on which he was being
tried when the testimony was given.
3. The refusal of the court to so submit a case to another grand
jury, where the defendant was not put in jeopardy, is not a bar
to an investigation by another grand jury.

R. J. BRECKINRIDGE, ATTORNEY GENERAL, FOR APPELLANT.

1. If the court adheres to the opinion rendered in the case of Kaelin
v. Commonwealth, 84 Ky. Rep., 345, the indictment in this case
is fatally defective.
2. The indictment does not charge that the offense was committed
"feloniously."
3. The text books, as well as a vast majority of the decisions in
other States, adhere to the doctrine that an indictment for
perjury, as in all common law offenses must charge the act to
have been committed feloniously.

SALLEE & SALLEE, ATTORNEYS FOR APPELLEE.

1. An indictment for perjury must negative, by special averments, the
matter alleged to be sworn to by the accused.

2. The facts sworn to by accused must be alleged to be material to the issue.

3. The indictment should charge that the act was done "feloniously" or "with felonious intent."

4. An acquittal on the charge of a criminal offense is a bar to a prosecution of the accused for perjury in swearing that he did not commit the offense.

5. It is optional with the court to resubmit or to refuse to resubmit an indictment to another grand jury. Ferguson v. Com., 8 R., 257; Com. v. Still, 8 R., 203; Com. v. Maynard, 91 Ky., 131; Com. v. Kane, 92 Ky., 457; Wharton's Criminal Law, vol. 2, sec. 2198; Kaelin v. Com., 84 Ky., 354; Cooper v. Com., 21 R., 546; 45 L. R. A., 216; Ky. Cr. Code, secs. 158-9, 160-6-7-8-9, 170-8.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

Appellee, W. T. Swanger, was indicated by the grand jury of Mason county for perjury. A general demurrer was sustained to the indictment, and thereupon the Commonwealth's Attorney moved the court to refer the charge to the grand jury then in session, but the court overruled the motion and directed that the defendant be discharged. We are asked upon this appeal to reverse the judgment of the lower court both on the demurrer and in its refusal to again refer the charge to the grand jury. The indictment which is the basis of this prosecution fails to allege that the testimony given by the appellee was with felonious intent. It is well settled that the word "feloniously" is indispensable to the validity of every common law indictment for a felony, and for this reason, if for no other, the lower court did not err in sustaining the demurrer. This question was fully considered by this court in the case of Kaelin v. Com., 84 Ky., 354, (1 S. W., 594), and in the opinion rendered in that case all of the authorities were cited. The motion by the Commonwealth's Attorney to resubmit the charge to another grand jury was predicated upon section 170 of the Criminal Code of Practice, which reads as follows: "If the demurrer be sustained on any

other grounds than those mentioned in the four last sec-
tions the case may be submitted to another grand jury,
and an order to that effect may be made by the court on
the record, whereupon the defendant shall be held in cus-
tody or on bail in the manner and for the time provided
in sections 159 and 160." The provisions of this section
of the Code are not mandatory upon the court, like sec-
tion 159, which prescribes that "if an indictment be set
aside for any of the grounds set out in section 158 and
sub-sections thereunder, the court shall make an order
that the case be submitted to another grand jury," but
appeals to his sound discretion. The indictment charges
in substance that the defendant was being tried before a
justice of the peace, as an examining court, upon a charge
for failing to support his family, and that in this proceed-
ing he falsely testified that he and one Mary Jefferson
never were in Mt. Sterling,—that he was only in Mt. Ster-
ling about eight years before. As the charge in the in-
dictment was for failing to support his family in 1898,
this testimony was not necessarily material in determin-
ing the guilt or innocence of the defendant of the offense
which was being examined into, and we are not disposed
to say that there was any abuse of discretion on the part
of the trial judge in refusing to again submit the matter
to another grand jury; but, as defendant was not put in
jeopardy on the charge contained in the indictment, the
refusal of the court to again submit the matter to an-
other grand jury would not be a bar to an investigation
by another grand jury, if they should see fit to do so. For
reasons indicated, the judgment is affirmed.