Case 42.—PROSECUTION AGAINST G. H. BRAY FOR FALSE SWEARING.—Sept. 25.

## Commonwealth v. Bray.

Appeal from Laurel Circuit Court.

C. T. ATKINSON, Special Judge.

Demurrer to Indictment Sustained and the Commonwealth appeals.   Affirmed.

1. Indictment—Sufficiency.—On a prosecution under Ky. St. 1903, Section 1174, defining the offense of false swearing as wilfully and knowingly swearing to that which is false, an indictment charging that defendant swore that he never "made any trade" with a certain person was demurrable as not charging that defendant swore falsely to any fact as distinguished from a conclusion.

2. Supstaining of Demurrer—Resubmission to Grand Jury..—It was not an abuse of discretion for the court to refuse to resubmit the case to the grand jury, under section 170, authorizing resubmission and holding of defendant on bail or in custody, on the sustaining of a demurrer to the indictment.

3. Criminal Law—Dismissal of Indictment—Former Jeopardy.— Under the express provision of Cr. Code Prac. Section 178,

the dismissal of an indictment by the court on demurrer is no bar to a further prosecution, unless it is dismissed for an objection to its form or substance taken at the trial, or variance between the indictment and proof, or because the indictment contains matter which is a legal defense or a bar to the indictment.

D. A. McCANDLESS, Commth's Atty. for Appellant.

N. B. HAYS, N. L. SMITH and CHAS. H. MORRIS OF Counsel.

### POINTS AND AUTHORITIES.

1. Error in refusing to submit case to another grand jury, 1-2. (Crim. Code, secs. 166-170; Com. v. Shelby, 18 Rep. 781; Com. v. Swanger, 22 Rep. 276.)
2. Demurrer should have been overruled, 3-4. Com. v. Edison, 10 Rep. 340.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellee was indicted upon the charge of false swearing. The accusation in the indictment runs: "The said G. H. Bray did wilfully, knowingly, and falsely swear and give in evidence the following false statement to-wit: 'That he never did make any trade with the said G. W. Morris of any kind whatever,' when in fact and truth the said G. H. Bray had made a trade with said Morris, and then and there knew he had made said trade, and knew that said statement was false." Whether the accused and Morris had made a "trade" depended upon whether they had had such negotiations as resulted in a legal contract between them. The result of such negotiations is a question of law. Whether that result is a binding legal contract is therefore a matter of opinion concerning the legal effect of what had transpired. False swearing, as a crime, is a name given by the statute to the act of wilfully and knowingly deposing falsely in a sworn statement before some officer authorized to administer an oath, concerning some fact. Our statute reads (Section 1174, Ky. St. 1903) : "Shall wilfully

and knowingly swear, depose, or give in evidence that which is false.'' It is true that opinions are sometimes evidence, so are belief and knowledge—all mental acts. And a witness may swear falsely or commit perjury with reference thereto, in stating on oath that such and such was his opinion concerning a matter about which his opinion became a fact, and was receivable as such as a matter of evidence, when in truth such was not his opinion, and he wilfully, knowingly, and corruptly, falsely stated that as his opinion which was not his opinion. Com. v. Edison, 10 Ky. Law Rep., 340, 9 S. W. 161; Commonwealth v. Thompson, 3 Dana, 301. But where the statement which is the basis of the accusation, is a matter of construction, or a deduction from given facts, that it is erroneous, or is not a correct construction, or is not a logical deduction from all the facts, cannot constitute false swearing. The aim of the statute was not to repress freedom of thought, or to in anywise control the exercise of the judgment. But it was to prevent the giving in evidence of sworn statements, a verity to facts which did not exist, upon which judgment and mental speculation were to be indulged. The accusation in this indictment does not charge that appellee swore falsely as to any fact. The demurrer was therefore properly sustained.

The commonwealth's attorney moved the court upon the demurrer's having been sustained, to resubmit the case to the grand jury, which was overruled. The commonwealth is complaining also of that action of the court. The Criminal Code provides that an indictment is demurrable if it show (1) that the offense charged is not within the jurisdiction of the court (section 166, Cr. Code Prac.); or (2) if the indictment improperly charge more than one offense (section 168, Cr. Code Prac.); or (3) if the indictment contain matter which is a legal defense or bar to the prosecution (section 169, Cr. Code Prac.); or (4) if the facts stated do not constitute a public offense (section 165,

Cr. Code Prac.). Section 170 then provides: "If the demurrer be sustained on any other grounds than those mentioned in the last four sections (166, 167, 168, 169) the case may be submitted to another grand jury, and an order to that effect may be made by the court on the record, whereupon the defendant shall be held in custody or on bail in the manner and for the time provided in sections 159 and 160."

The purpose of this section is to allow the commonwealth to hold the custody of the accused pending the perfection of the pleadings in the case in which he is charged. Whether the accused should be held or not pending further investigation, seems to be left to the discretion of the court, and not to the prosecutor. The practice ordinarily is to grant this request of the commonwealth's attorney for a resubmission to the grand jury where the form of the indictment is defective, and which may be cured by proper pleading. Such would doubtless have been the action of the court in this case had it seemed probable that the case of the State could have been perfected by a better pleading. But the matter charged was, as we have seen, not indictable at all. No kind of pleadings could have helped out the case. For the deficiency was, not in accurate pleading, but in the matter charged as constituting the offense. There is no suggestion in the record that the alleged false statement was not correctly set out. Then why harass the accused by holding him in court for further fruitless effort concerning the same thing? Such probably was the reasoning of the learned trial judge, and we are not prepared to say that he abused the judicial discretion with which he was invested by section 170, supra. The dismissal of the indictment was not a bar to further prosecution. Section 178 Cr. Code Prac.; Commonwealth v. Swanger, 108 Ky. 579, 22 Ky. L. R. 278; 57 S. W. 10.

Judgment affirmed.