## Muncy, County Superintendent, et al. v. Gibson.

### (Decided March 14, 1916.)

### Appeal from Leslie Circuit Court.

Appeal and Error—Judgment Must be Entered Before Appeal can be Prosecuted From It.—Although a judgment was written out by the judge, and signed by him, and the paper on which it was written left with the papers in the case, an appeal could not be prosecuted from the judgment until it was entered on the order book of the court and signed by the judge.

JOHN M. MUNCY and JOHN L. DIXON for appellants.

C. W. HOSKINS and CLEON K. CALVERT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Dismissing appeal.

It appears that the appellee, Gibson, brought a suit against the superintendent of schools of Leslie county and the members of the board of education to prevent them from recognizing John Gay as trustee and Felix Gay as teacher in sub-district No. 4, Educational Division No. 2, and to enjoin John Gay from acting as trustee and Felix Gay from acting as teacher. It also appears that

a few days afterwards he brought another suit against the county superintendent and the board of education to compel them to recognize him as trustee in sub-district No. 4, division No. 2, and to employ upon his recommendation a teacher. These two suits were consolidated, and after the issues had been made up, the court, as appears from a paper written out and signed by the judge, but not entered on the order book of the court, rendered a judgment holding that Gibson was the trustee in the district and the division in controversy, and from that judgment this appeal is prosecuted.

When the case was called on the docket in this court for submission, the appellee entered a motion to dismiss the appeal because it was prosecuted from a judgment that had never been entered on the order book of the court, and this motion was passed to be heard with the merits of the case and will now be disposed of.

There is no dispute about the facts. The judge, who heard and decided the case, wrote out his judgment and signed the paper, on which the judgment was written, and left it with the papers in the case, but it was never entered on the order book or minute book of the court and of course never having been entered, it could not have been signed by the judge on either of these record books.

Section 390 of the Civil Code of Practice provides: "The judgment must be entered on the order book and specify clearly the relief granted or other determination of the action"; and section 378 of the Kentucky Statutes relating to the duty of clerks of courts, provides: "The proceedings of each day shall be drawn up by the clerk from his minutes in a plain, legible manner, which, after being corrected as ordered by the court, and read in an audible voice, shall be signed by the presiding judge." And it was said in Ewell v. Jackson, 129 Ky., 215:

"It will thus be seen that under the code and statute it is indispensable to the validity of a judgment that it shall be entered upon the order book of the court, and signed by the judge who rendered the judgment, or his successor in the disposal of the case, or by the regular judge, unless he is disqualified. These two acts must concur. In the absence of either, there is no judgment. A paper signed by a judge, although it contain the entire judgment, and be delivered to the clerk of the court

to enter upon the order book, is not a judgment in fact until it has been entered upon the order book of the court and signed by a judge. Courts of record speak only by their records duly entered and signed in the books provided for that purpose." To the same effect are Farris v. Matthews, 149 Ky., 455; Anderson v. Anderson, 161 Ky., 18.

In view of the admitted facts and the law applicable thereto, there was no judgment to appeal from, and the appeal is dismissed.