## Commonwealth v. Lovelace.

Feb. 14, 1939.

HUBERT MEREDITH, Attorney General, W. OWEN KELLER and W. F. NEILL, Assistant Attorneys General, JOHN W. WALKER and D. C. HOWELL for appellant.

ROSE & STAMPER and LEEBERN ALLEN for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Certifying the law.

The Lee County grand jury had before it for consideration at the February 1937 term of court the charge of the killing of Jake Brandenburg by appellee, Maynard Lovelace. That grand jury returned the papers concerning the charge, on one of which was indorsed the word "Dismissed," followed by the signature of the foreman of the grand jury. There was no order of

resubmission by the court thereafter. At the May 1937 term of court the grand jury indicted appellee for the murder of Jake Brandenburg. Upon trial under that indictment Lovelace was found guilty of manslaughter and his punishment fixed at five years' confinement in the penitentiary. He appealed from the judgment on the verdict and we reversed the case on February 11, 1938, because the trial court had not ordered a resubmission of the charge to a grand jury. Lovelace v. Commonwealth, 272 Ky. 52, 113 S. W. (2d) 853.

At the following May term the commonwealth's attorney moved the court, under Sections 115 and 116 of the Criminal Code, to enter an order resubmitting the charge against appellee to the grand jury at that term. In overruling this motion the court said:

"It is the opinion of the Court that in view of the verdict of guilty by a jury in this case at a former term of this court and punishment of five years inflicted the evidence is sufficient to justify a resubmission of this case to another grand jury.

"However, it is further the opinion of the Court, that when the Court failed to enter an order at the term of court at which said charge was dismissed by the Grand Jury, resubmitting said charge, as provided by Section 115 of Criminal Code, this Court lost control of said charge and has no power or authority to resubmit same to this Grand Jury at the present May, 1938 Term of Court, or to any future Grand Jury."

In appealing from this ruling the commonwealth asks for a certification of the law on the question. The question involved, as indicated in the second paragraph of the trial court's opinion quoted above, is whether the trial court lost control of the charge in view of the fact that no order of resubmission was entered at the term of court at which the charge was dismissed by the grand jury.

Appellee insists that, when Sections 115, 116 and 117 of the Criminal Code of Practice are considered together, it is obvious that this question must be answered in the affirmative. In support of this position he relies largely upon the cases of Commonwealth v. Roberts, 4 Metc. 219, Bryant v. Commonwealth, 3 Bush 9, and Sutton v. Commonwealth, 97 Ky. 308, 30 S. W. 661, 665, 17

Ky. Law Rep. 184. The Sutton case was cited in the case of Lovelace v. Commonwealth, supra, as authority for reversing the judgment of the trial court. In the Bryant case, which was a suit to collect bail, Bryant was charged with the crime of mayhem in September, 1866. He and Kirklighter, a party to the suit, executed a bail bond for his appearance. On November 24, 1866, an indictment signed by the attorney for the commonwealth charging Bryant with the offense was returned by the grand jury indorsed as follows: "Ignored. W. Kendrick, foreman." There was no order made by the court either discharging Bryant or directing the resubmission of the case to a grand jury. It appears further that he did not enter his appearance, nor was he at any time required to do so. On November 26th, Bryant was called and, failing to appear, an order was made forfeiting his bond. In reversing the action of the lower court directing that the commonwealth's attorney collect 40% of the bond from Kirklighter, this Court said:

"Inasmuch as the court did not order a resubmission of the case to a grand jury, it is plain that an order should have been made discharging the defendant; but the court having failed to make either order, the question arises whether such failure was or not in connection with the action of the grand jury, a constructive exoneration of the bail.

"It was held by this court, in the case of The Commonwealth v. Roberts (4 Metc. 219), that where a defendant was entitled to be exonerated from bail, according to the 116th section of the Code, because no indictment was found at the term of the court next after the first submission of the charge to the grand jury, that fact was a sufficient ground for dismissing a proceeding against the bail for the failure of the defendant to appear, although no order had been made discharging the defendant, or exonerating the bail, for the obvious reason that the omission of the court to enter an order, which it was its duty to make, should not be allowed to prejudice the defendant and his sureties in the subsequent proceeding to recover on the bond; and for the same reason the judgment in this case is deemed erroneous."

It can be seen, therefore, that neither the Roberts case nor the Bryant case dealt directly with the question.

as to whether or not the trial court could resubmit a charge to the grand jury when no order was made directing such resubmission at the term at which the grand jury ignored or dismissed the charge. Both of these cases involved the forfeiting of bail for the accused where the court failed to resubmit the charge.

It is our conclusion that, regardless of whether Sections 115, 116, and 117 of the Criminal Code of Practice are read separately or together, it is plainly within the discretion of the trial court as to whether he will resubmit a charge to a grand jury, once a grand jury has dismissed the charge. It is also in the trial court's discretion as to when the resubmission, if any, will be made. Following our decision in the case of Lovelace v. Commonwealth, supra, the trial court should have dismissed the indictment returned by the grand jury at the May 1937 term. As indicated above, it rests within the discretion of the trial court as to whether or not the charge against Lovelace will be resubmitted to a grand jury.

Wherefore, this opinion is certified as the law of the case.