## Commonwealth v. Wilson.

Oct. 13, 1939.

Hubert Meredith, Attorney General, W. Owen Keller, Assistant Attorney General, and J. B. Johnson, Commonwealth's Attorney, for appellant.

J. C. Bird and B. B. Snyder for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

At the September 1938 term of the Whitley circuit court the grand jury returned an indictment against appellee, Wilson, and against Walter Campbell and H. A. Hughes, charging the three of them with the offense of counterfeiting a public record with intent to commit a fraud. At a special December 1938, term, Wilson, in conformity with Section 157 of the Criminal Code of Practice, before he had been arraigned and before he had entered a plea, moved the court to quash the indictment because it did not have written thereon the names of the witnesses testifying before the grand jury as is provided by Section 120 of the Code. The trial judge sustained appellee's motion and quashed the indictment. While that indictment and all exhibits are made a part of this record, no appeal was prosecuted by the Commonwealth from that order and we are not concerned with whether or not the trial judge erred in quashing this first indictment. However, for some unknown reason the trial judge did not comply with Section 159 of the Code by ordering that the charge against appellee be resubmitted to another grand jury.

At the January 1939 term, the grand jury returned an indictment against the same parties named in the first indictment, charging them with the offense of confederating themselves together for the purpose of committing the felonious act of counterfeiting a public record. Before he had been arraigned and before pleading to the indictment Wilson, in conformity of Section 157 of the Code, again moved the court to quash the indictment because it was the "same identical indictment" as the one previously quashed and the charge had never

been resubmitted to the grand jury as is provided in Section 159 of the Code. This motion to quash having been seasonably made, Salyers et al. v. Com., 274 Ky. 284, 118 S. W. (2d) 208, the trial judge entered an order on May 12, 1939, sustaining the motion and quashing the indictment. This order recites the reason the indictment was quashed was because the charge had not been resubmitted to the grand jury after the first indictment was quashed. But strange as it may seem, the trial judge in the order quashing the second indictment, or by any subsequent order, made no attempt to comply with Section 159 by ordering that the charge be resubmitted to the grand jury. The commonwealth excepted to the order of May 12, 1939, and was granted an appeal under Section 337 of the Code to obtain a certification of the law.

We passed to the merits appellee's motion to dismiss the appeal as not having been taken within the 60 days from the decision of the trial judge as is provided by Section 337. The record shows the order appealed from was entered May 12th, and the following July 10th the record was filed here. Appellee does not contend this is not within the 60 days prescribed by Section 337, but argues that as the trial judge made his ruling quashing the second indictment on May 11th, the time began to run from that day (which would have made the filing of the appeal here on the 61st day) and was not postponed until the order was actually entered the following day, May 12th. Such a contention is scarcely worthy of notice. It is elementary that courts of record speak only through their orders duly entered and signed by the judge in books provided for that purpose. Section 390, Civil Code of Practice; Section 378, Kentucky Statutes; Muncy v. Gibson, 169 Ky. 153, 183 S. W. 464; National Life & Accident Insurance Company v. Hedges, 233 Ky. 840, 27 S. W. (2d) 422.

The real question involved on this appeal is, did the trial judge err in sustaining appellee's motion to quash the second indictment because the court made no order resubmitting the charge to the grand jury after quashing the first indictment? Section 115 of the Criminal Code of Practice provides that where the grand jury refuses to indict, the word "dismissed" shall be written on the warrant, or other papers, and signed by the foreman, whereupon the defendant shall be discharged from custody, or if upon bond, his bail shall be exonerated

unless the court be of the opinion that the charge should be resubmitted to the grand jury. Section 116 of the Criminal Code of Practice provides:

"The dismissal of the charge does not prevent it being again submitted to a grand jury, as often as the court may direct, but without such direction it can not again be submitted."

We have held that where the grand jury refuses to indict, the charge could not be submitted to another grand jury without an order of court as is provided in Sections 115 and 116, and that any subsequent indictment where the charge had not been resubmitted to the grand jury by an order of court, must be quashed upon defendant's motion seasonably made as provided in Sections 157 to 159. Lovelace v. Commonwealth, 272 Ky. 52, 113 S. W. (2d) 853; Commonwealth v. Lovelace, 276 Ky. 796, 125 S. W. (2d) 730. In the second Lovelace case, supra, we held that if the grand jury refused to indict under Section 115, it is within the discretion of the trial court as to whether or not he will resubmit the charge to the grand jury, also, it is within the trial court's discretion as to when the resubmission, if any, will be made.

But Sections 115 and 116 of the Criminal Code of Practice have no application to the instant case as the grand jury did not fail to indict. Appellee contends that Section 159 is mandatory in requiring the court to remand the charge to the grand jury after a motion to quash has been sustained before another indictment can legally be returned by that body. He cites Commonwealth v. Swanger, 108 Ky. 579, 57 S. W. 10, 22 Ky. Law Rep. 276, wherein the court had before it the question of whether it is necessary for the trial judge to resubmit the charge to the grand jury under Section 170 Criminal Code of Practice after sustaining a general demurrer to the indictment. In the Swanger case the court did say the provision of Section 159 is mandatory that the court resubmit the charge to the grand jury after the indictment was quashed under Section 158. But the Swanger case was before the court on a demurrer and not on a motion to quash and there the court was considering the provisions of Section 170 and not of Section 159, and it was obiter dictum when the court wrote that it was mandatory on the trial judge to resubmit the charge to the grand jury after a motion to

quash had been sustained. We find no other cases sustaining appellee's position and he has cited us to none. But we do find Commonwealth v. Smith, 140 Ky. 580, 131 S. W. 391, to the effect that an order dismissing an indictment is not a bar to another indictment. And the Swanger case holds the refusal of the court to resubmit the charge to a grand jury is not a bar to an indictment by another grand jury, where the defendant was not put in jeopardy.

A careful reading of Sections 159 and 160 shows that the purpose of having the court remand the charge to another grand jury after dismissing the indictment is to hold the bail, or if the defendant be in custody, to hold him in jail. The failure of the court to remand the charge to the grand jury under Section 159 after the indictment has been quashed does not prevent another indictment from being returned against the defendant, but such failure merely releases him from custody, or if upon bond, discharges his bail. The conclusion of the court in the Lovelace cases, supra, that a charge cannot be again submitted to the grand jury without an order of court under Section 116 where one grand jury had refused to indict and marked the warrant or papers "dismissed" as was required by Section 115, prevents a person from being embarrassed or harassed by succeeding grand juries after the first had refused to indict. These cases wisely put the subsequent inquiries by the grand jury under the control and direction of the court. But where the grand jury had indicted and the court quashed, or set aside, the indictment under Section 158, there is no reason to say a subsequent grand jury cannot again indict except upon the order of the court as provided in Section 159. But should the court desire to hold the defendant in jail or to hold his bail after quashing the indictment under Section 158, it is necessary for the court to remand the charge to the grand jury as provided in Section 159.

The first and second indictments charge the same offense. The first indictment charges the counterfeiting of a public record, while the second charges the defendants named therein with confederating themselves together for the purpose of doing the felonious act of fraudulently counterfeiting a public record. As we see it, the only difference between the two indictments is that the second merely describes the manner in which the offense of counterfeiting was committed. The court

erred in quashing the second indictment and that judgment is hereby reversed, with directions to set it aside and overrule defendant's motion to quash the indictment, and for further proceedings consistent with this opinion.