COX, J.
On November 28, 1939, the defendant gave the plaintiff his promissory note for two hundred dollars payable on February 26, 1940. This action on the note was commenced by writ dated January 28, 1947. In his answer the defendant pleaded the statute of limitations.
*[33] The plaintiff claims that his action has been seasonably brought because the note was signed in his presence and his signature is upon it as an attesting witness. That circumstance has impelled him to invoke G. L. (Ter. Ed.) c. 260, § 1. It is therein provided that an action upon a promissory note “signed in the presence of an attesting witness, if brought by the original payee . . .” may be commenced within twenty years after the cause of action accrues.
The trial judge held that the note is not a witnessed note and that the action was barred by the six year statute of limitations, so-called. G. L. (Ter. Ed.) c. 260, § 2. He found for the defendant. Because the plaintiff claimed to be aggrieved,, the judge reported the case for our determination.
The report states that no payment has been made on the note prior to the writ and that the signaures were duly proved. Except for the statement in the report that the plaintiff “testified that he witnessed the note,” there was no evidence or specific finding that the plaintiff put his name to the note openly, and under circumstances which reasonably indicate, that his signature was with the knowledge of the promis-sor, and was a part of the same transaction with the making of the note. Drury v. Vannevar, 1 Cush. 276, 277; Phillips v. Vorenberg, 259 Mass. 46, 68. Those are facts which ordinarily must be shown in order to establish under the statute the adequate witnessing of a promissory note. The competence of evidence necessary to show those facts has been considered in Phillips v. Vorenberg, 259 Mass. 46, 68, 69. Whether the requirements have been met is usually a question of fact. West Roxbury Co-operative Bank v. Bowser, 324 Mass. 489. The burden rests on the party making the contention. Phillips v. Vorenberg, 259 Mass. 46, 68.
The judge based his decision, not on a finding that the above requirements had not been met, but on the ground that as matter of law the plaintiff, as payee, could not be an attesting witness to the signing of the note by the defendant.
In our opinion the judge was right. While no case dealing with the precise situation has come to our attention, it seems clear that the obvious meaning and manifest intention of G. L. (Ter. Ed.) c. 260, § 1,. is that the witness who attests the signing of a prom *[34] issory note must be someone other than the payee. This interpretation finds strong support in principle in Jourdain v. Sherman, 6 Cush. 139, in which it appears that the attesting witness of a promissory note became the holder of it and brought an action in the name of the payee. It was held that he could1 not be allowed to testify to the execution of the note, or to prove the same as within the provisions of that portion of the statute of limitations which applies to witnessed notes, by evidence of the handwriting of the maker and of himself.
Hugh F. Blunt, Atty. for plff.
Marshall Wilbur, Atty. for deft.
The judge’s decision is most effectively supported in the light of what has been held to be the purpose of the statute. “The reason of the statute, in giving greater efficacy and permanency to an attested note, and putting it upon the footing of a specialty, obviously was, that it was more deliberately and formally executed, and carried a higher degree of authenticity in the means of proving its execution, by the testimony of the witness, or by proof of his handwriting.” Kinsman v. Wright, 4 Met. 219, 220. That statutory purpose is scarcely observed when the payee of a promissory note undertakes to be the attesting witness of its signing by the promissor.
An order is to be entered dismissing the report.